STATE OF CONNECTICUT *v.* JOSE P. RODRIGUEZ (4695)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued February 10—decision released March 31, 1987

*Helen R. Kone,* for the appellant (defendant).

*Michael E. O'Hare,* assistant state's attorney, with whom, on the brief, was *Lawrence J. Daly,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, who was originally charged with murder in violation of General Statutes § 53a-54a, was convicted by a jury of the lesser included offense of manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a. On appeal, the defendant raises two issues which may be summarized as follows: (1) whether the defendant was deprived of a fundamental constitutional right and a fair trial by testimony which inferred that he was a person "involved in crime and criminal activities"; and

(2) whether the defendant was deprived of a fundamental constitutional right and a fair trial when the trial court informed the jury that it would not permit the entire transcript of the trial to be read back.

The victim was shot in the chest after an altercation in a bar and night club. The identity of the assailant was at issue in the case. The state presented three alleged eyewitnesses to the shooting. One of them, Mr. Smith, had seen the defendant before, but knew him only by the name "Poppo." At the trial, a detective testified that the defendant was known by the name "Poppo." Over objection, he testified that his knowledge concerning the defendant being known as "Poppo" came from his experience as a plain clothes officer where one of his duties was "to gather intelligence . . . on names of suspects and persons involved in crime and criminal activities."

The defendant's first claim is not reviewable by this court. After a colloquy with counsel and the court in the absence of the jury, defense counsel specifically stated that he had no objection to the detective's statement which he now claims as error. It is axiomatic that, absent exceptional circumstances "appellate review of all issues, even constitutional issues, [is limited] to those on which the trial court has had an opportunity to rule." *State* v. *Reddick,* 197 Conn. 115, 125, 496 A.2d 466 (1985); cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986); see Practice Book §§ 88, 4185 (formerly § 3063). A claim of error in admission of testimony is not reviewable where objection to the admission of the evidence is withdrawn at trial. *State* v. *Millstein,* 8 Conn. App. 581, 586, 513 A.2d 1253, cert. denied, 201 Conn. 814, 518 A.2d 72 (1986).

The defendant claimed in his brief that he was entitled to review of this claim under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). Defense counsel properly conceded at oral argument, however, that

this claim does not qualify for an *Evans* review. The claim is reviewable only where the defendant raises an issue which he claims implicates a fundamental constitutional right and that claim is adequately supported by a limited review of the record. *State* v. *Thurman,* 10 Conn. App. 302, 523 A.2d 891 (1987). Such is not the case here. The rule concerning the admission of evidence of other crimes committed by the defendant is a rule of evidence and not of constitutional law. *State* v. *Smith,* 198 Conn. 147, 156, 502 A.2d 874 (1985); see *State* v. *Sinclair,* 197 Conn. 574, 579, 500 A.2d 539 (1985).

The defendant also claims review under the plain error provision of Practice Book § 4185 (formerly § 3063). "Nor does the defendant's claim warrant review under the plain error doctrine, because we are not convinced that there was any manifest injustice under all the circumstances of the case. . . . [Plain error] review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985). This case, in which three eyewitnesses identified the defendant is self-evidently not such a case.

The defendant's second claim of error also was not raised at the trial. Counsel for the defendant took no objection to these remarks as is required for appellate review by Practice Book §§ 315, 854. Once again, he claims an *Evans* review in that the court's comments on the reading back of testimony chilled the jury's willingness to ask for substantial portions of testimony to be read back, thus interfering with the jury's ability to assess testimony in the light of the state's burden of proving each element of the crime beyond a reasonable doubt. In its instructions to the jury, the court specifically advised the jury that portions of testimony

would be read back to them upon their request. The court then said: "Now I do point out to you, and I think most of you at various times in the trial have been close enough to the court reporter to see that she doesn't have just pages of regular typing, as I have before me, so it isn't a matter of just reading something to you. It's a matter of locating a certain portion of her shorthand notes and then immediately transcribing them for you, so I ask you not to make any requests that you don't feel are necessary, absolutely necessary to your deliberations.

"I also would ask both in connection with any questions or any requests for rereading of portions of testimony, that you be just as precise as possible in the question or in the request, so that we can be as helpful as possible to you. Don't do as some juries sometimes do; come back and say in essence, Judge, would you have everything read back to us. I have the discretion to disallow a question if I feel that for any reasons it's inappropriate, and a request that the whole trial be read to you, I would probably find inappropriate, ladies and gentleman."

Although we do not condone these mildly inhibiting remarks, the trial court was correct in informing the jury that it had discretion in determining what, if any, testimony should be read back to the jury upon their request. *State* v. *Cari,* 163 Conn. 174, 184, 303 A.2d 7 (1972); *Coy* v. *Milford,* 126 Conn. 484, 490, 12 A.2d 641 (1940); *State* v. *Rubaka,* 82 Conn. 59, 68, 72 A. 566 (1909). "[The rereading of testimony] lies almost exclusively in the good judgment of the judge presiding." *United States* v. *De Palma,* 414 F.2d 394, 396 (9th Cir. 1969). The record does not adequately support the defendant's claim that he was clearly deprived of a fundamental right and a fair trial. Therefore we decline to consider this claim.

There is no error.