STATE OF CONNECTICUT *v.* EARL FLETCHER
(4811)

DUPONT, C. J., BORDEN and DALY, Js.

Argued March 3—decision released May 12, 1987

*William R. Schipul,* assistant public defender, with whom, on the brief, was *William Holden,* public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney and *Domenick J. Galluzzo,* assistant state's attorney for the appellee (state).

DUPONT, C. J. The defendant appeals from the judgment of conviction, after a jury trial, of manslaughter in the second degree in violation of General Statutes § 53a-56a and carrying a pistol without a permit in violation of General Statutes § 29-35. The dispositive claim on appeal is whether the trial court erred by refusing to answer questions of law directed to it, by the jury, in contravention of Practice Book § 864.[1] We find error.

The issue in this case is whether, when the trial court receives inquiries from the foreperson of the jury regarding the legal standards applicable to the facts of the case, it may decline to answer those questions or to clarify its instructions upon its determination that the inquiries were made for the benefit of less than the entire panel. This precise issue has not previously been ruled upon in the courts of this state.

The right of a defendant in a criminal trial to a trial by jury is guaranteed. U.S. Const., art. III, § 2, and amendment VI; Conn. Const., art. I, §§ 8 and 19; General Statutes § 54-82b; Practice Book § 839. The duty of the trial court in such a case is to instruct the jury on the law applicable to the case. General Statutes § 54-89; Practice Book § 855. "It is the duty of the court, in charging the jury in a criminal case, to give to them such instructions as may be required to enable them to understand the nature of the offense charged and the questions which they are to decide,

---

[1] Practice Book § 864 provides: "If the jury, after retiring for deliberations, request additional instructions, the judicial authority, after notice to the parties, shall recall the jury to the courtroom and give additional instructions necessary to respond properly to the request or to direct the jury's attention to a portion of the original instructions."

to weigh the evidence applicable to such questions, and to intelligently decide them." *State* v. *Long,* 72 Conn. 39, 43, 43 A. 493 (1899). That duty has remained untarnished and undiluted during the near century which has passed since the foregoing words were written.

The court, in its initial instructions to the jury, stated: "If you have difficulty recalling testimony . . . [w]e will play it for you. Just be specific and all agree on the note that one should come out. I don't want 12 notes[2] because everybody *wants to hear something different. But we'll do that if it has to be done.* But agree on what you'd like to hear if there's a dispute."[3] (Emphasis added.)

During the course of its deliberations, the jury, through notes signed by the foreperson, submitted several requests to the trial court for rehearing of the testimony and for clarifying instructions. The request to rehear portions of the testimony was granted. The jury asked for a "clarification of charges that could be considered" and the court reread its instructions on the crimes with which the defendant was charged but did not include its charge on self-defense. Other requests, which related to the issue of self-defense and to reasonable doubt were not answered. One of the notes stated that "We, the jury, attempted to define 'reasonable doubt.' I have reason to feel that this term (reasonable doubt) is still somewhat hazy in the minds of some of the jurors, and possibly in mine. Would you

---

[2] The defendant was tried by a jury of twelve because he was charged with the crime of murder, a violation of General Statutes § 53a-54a (a). He was found guilty of the lesser included offense of manslaughter in the second degree, a violation of General Statutes § 53a-56a.

[3] The state argues that the defendant did not object to this portion of the court's charge and cannot, on appeal, challenge it as error. This portion of the charge, fairly read, did not put the defendant on notice that, without unanimity, the court would subsequently refuse to clarify the law relating to the case. The court's statement related to the jury's need for a rehearing of testimony.

re-define 'reasonable doubt' when you clarify the charges under which the defendant could be found guilty, or acquitted by reason of self-defense. If the defendant believes in his own mind that a threat exists to his well being (although facts might disprove it), can it be concluded that he may have had just cause to resort to deadly force to protect himself?" Another note stated "(1) I would like to know if the defendant, in his state of mind, truly believed that he was in danger of physical harm. He could justifiably use deadly force even though the danger might not exist. (2) What is reasonable doubt?"

The court told the jury that it would not respond to the first note because "anyone that reads this note would believe that it was the—the author is one person individually and their feelings about the understanding of a principle of law by that law and maybe some of the other jurors. I will answer the question if it is properly framed as being the product of the entire jury and the note reflects that . . . . But I must have it in the form that it appears to be the feeling of the entire panel to have that done." The court informed counsel that as to the second note it was his intention to ask the jurors "if they all participated in this question and if they do, I will answer it." The court then informed the jury that it "must know whether or not that question is the question of one person or does the entire jury agree that the question is asked of the court." The court then asked the foreperson if he had signed it on behalf of everyone.[4]

Upon learning that the inquiry was not made on behalf of everyone, the court stated "then I cannot answer it. The jury must agree that a question is to

[4] Another subsequent note stated that the jury was unable to arrive at a unanimous decision. The last note from the jury indicated that it had arrived at a unanimous verdict.

be proposed on behalf of them to the court. You can understand if I ended up with twelve questions. So if you all want to agree on that, I'll be very glad to do it. But I cannot answer an individual question of a juror.''

The trial court thus interpreted Practice Book § 864 to imbue it with the discretion to refuse to give clarifying instructions in response to the foreperson's request when it perceived the request as not being the product of a unanimous jury.

The function of the jury is to determine the guilt or innocence of a defendant. That determination is dependent upon proper instructions from the trial court. See *United States* v. *Clark,* 475 F.2d 240 (2d Cir. 1973); *State* v. *Stepney,* 181 Conn. 268, 435 A.2d 701 (1980), cert. denied, 440 U.S. 1077, 101 S. Ct. 856, 66 L. Ed. 2d 799 (1981). Indeed, ''it is the judge's special business to guide the jury by appropriate legal criteria through the maze of facts before it . . . . '' *Bollenbach* v. *United States,* 326 U.S. 607, 613, 66 S. Ct. 402, 90 L. Ed. 350 (1946). The defendant is entitled to a jury which is ''correctly and adequately instructed.'' *State* v. *Hines,* 187 Conn. 199, 206, 445 A.2d 314 (1982). In this state, the duty of the judge to instruct the jury on the law is embodied both in the Practice Book and in the statutes. General Statutes § 54-89; Practice Book § 864. In the context of civil trials, the Supreme Court of this state has long recognized that '' 'when it appears, upon an inquiry by the jury, that they have failed to understand a principle of law stated in the charge, it is the duty of the court, upon the request of counsel, to further explain the doctrine in question.' '' *Intelisano* v. *Greenwell,* 155 Conn. 436, 447, 232 A.2d 490 (1967). In a line of civil cases, various courts have held that a frankly expressed confusion of a jury, emphasized by a particular question involving a crucial element in the case, requires further instructions

which fully and adequately address the confusion, not-withstanding a proper prior charge. Id.; see *Silvester* v. *Kerelejza,* 158 Conn. 433, 262 A.2d 157 (1969); *Bottaro* v. *Schoenborn,* 157 Conn. 194, 251 A.2d 79 (1968); *Montagna* v. *Jewell,* 119 Conn. 178, 175 A. 570 (1934); *Annes* v. *Connecticut Co.,* 107 Conn. 126, 139 A. 511 (1927).

" 'A supplemental charge . . . enjoy[s] special prominence in the minds of the jurors' because it is fresher in their minds when they resume deliberation. *Arroyo* v. *Jones,* 685 F.2d 35, 39 (2d Cir.), cert. denied, 459 U.S. 1048, 103 S. Ct. 468, 74 L. Ed. 2d 617 (1982); see *Bollenbach* v. *United States,* [supra, 611-12]." *State* v. *Williams,* 199 Conn. 30, 41, 505 A.2d 699 (1986).

The importance of the court's discharge of its obligation in criminal trials is highlighted by the Practice Book, which removes any obligation from counsel to request the clarification. The failure of the court to discharge its duty and clarify the instructions upon the request of the jury is in contravention to the mandate of Practice Book § 864. See, e.g., *Cannavo Enterprises, Inc.* v. *Burns,* 194 Conn. 43, 51, 478 A.2d 601 (1984); *State* v. *Cook,* 183 Conn. 520, 441 A.2d 41 (1981); *State* v. *Weber,* 6 Conn. App. 407, 505 A.2d 1266, cert. denied, 199 Conn. 810, 508 A.2d 771 (1986); *Finley* v. *Manson,* 1 Conn. App. 260, 470 A.2d 1234 (1984). This Practice Book rule, which protects the fundamental rights of the defendant to be fairly tried by a properly instructed jury, is mandatory and not directory. See *United States* v. *Clark,* supra; *State* v. *Weber,* supra. This provision for clarification of the instructions upon the inquiry of the jury stands in contrast to the provisions for the modification of the instructions after exceptions to the charge or upon the court's own motion, and for the review of testimony when required

by the jury. Practice Book §§ 860[5] and 863.[6] The provision for modification states that the court, after exception or *sua sponte,* may recall the jury for the purpose of correcting or clarifying an ambiguous instruction. Practice Book § 863; see W. Maltbie, Conn. App. Proc. § 105. The determination of whether to correct or clarify or add to the instruction, absent a request from the jury, is within the discretion of the court since the Practice Book sections use the word "may."

The provision for the review of testimony in Practice Book § 863 requires that the judge, upon a request for review by the jury, make a determination as to whether that request is reasonable, and if it is reasonable, to allow the review of the testimony. A determination of the reasonableness of the request for a review of testimony lies within the discretion of the trial court. *State* v. *Rubaka,* 82 Conn. 59, 72 A. 566 (1909); *State* v. *Rodriguez,* 10 Conn. App. 357, 360, 522 A.2d 1250 (1987).

The provision for additional instructions when sought by a jury, however, as mandated by Practice Book § 864, makes no allowance for such a determination, and requires the court to "give additional instructions necessary to respond properly to the request or to direct the jury's attention to a portion of the original instructions."

---

[5] Practice Book § 860 provides: "The judicial authority, after exceptions to the charge, or upon his own motion, may recall the jury to the courtroom and give them additional instructions in order to:

"(1) Correct or withdraw an erroneous instruction;

"(2) Clarify an ambiguous instruction; or

"(3) Instruct the jury on any matter which should have been covered in the original instructions."

[6] Practice Book § 863 provides: "If the jury after retiring for deliberations request a review of certain testimony, they shall be conducted to the courtroom. Whenever the jury's request is reasonable, the judicial authority, after notice to the prosecuting authority and counsel for the defense, shall have the requested parts of the testimony read to the jury."

The fact that the jury in this case did not make "unanimous" requests for additional instructions during the course of its deliberations is of no consequence. There is no doubt that the defendant had a constitutionally protected right to a jury properly instructed on the state's burden of proof and the essential elements of the crime charged. See *In re Winship,* 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *Gabriel,* 192 Conn. 405, 416, 473 A.2d 300 (1984). The fact that the jury must arrive at a unanimous determination that the defendant is guilty of a particular crime as charged indicates that the jurors must each have an understanding of the crimes charged and must each be guided toward determining if the elements of those crimes were present. See *State* v. *Avila,* 166 Conn. 569, 574, 353 A.2d 776 (1974). In order for each juror meaningfully to participate in the deliberation process and intelligently to decide the issues facing the jury in determining the guilt or innocence of the defendant, each juror, through the foreperson, must be able to apply to the trial judge for the purpose of obtaining a clarification of the applicable law. "It is the policy of the law that every tribunal for the trial of civil or criminal causes should have open to it the best legitimate means of acquiring such knowledge of the law and facts as will enable it to decide the cases before it fairly and intelligently." *State* v. *Rubaka,* supra, 67. Each juror must individually arrive at his or her own conclusion, and not merely acquiesce in the conclusions of the others. *State* v. *Avcollie,* 188 Conn. 626, 641, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S. Ct. 2088, 77 L. Ed. 2d 299 (1983). It is of the utmost importance that the instructions be clear and comprehensible and provide guidance to the jury in applying the law to the facts it finds established. *State* v. *Preyer,* 198 Conn. 190, 199–200, 502 A.2d 858 (1985). In keeping with the primacy of this need, each juror must have

an independent voice during deliberations. That independence is weakened or nullified without the ability to deliberate effectively because of a lack of an understanding of the law. Clarification of the instructions when the jury or one of its members manifests confusion about the law is mandatory.

If we were to affirm the trial judge's ruling in this case we would be endorsing a result which would mean that upon a poll of the jurors by the trial court, indicating a lack of unanimity for a need for clarification, one obstinate or uniquely comprehending juror could prevent all of the other members of the jury panel from ever acquiring an understanding of the law necessary to intelligently decide the case. Such a result would deprive a defendant of the fundamental rights which Practice Book § 864 implements. The authority of the foreperson in presenting the inquiry is sufficient to invoke the trial court's duty to give the jury a clarification of the law.

The defendant's fundamental constitutional rights to due process and a fair trial are implicated by the court's failure in this case to respond to the inquiries of the jury, especially as those inquiries were directed to the law of self-defense and to the requisite "beyond a reasonable doubt" standard for conviction. U.S. Const., amends. V, VI, XIV; Conn. Const., art. I, § 8; see *State* v. *Utz,* 201 Conn. 190, 197, 513 A.2d 1191 (1986); *State* v. *Williams,* supra, 41; *State* v. *Rodriguez,* 10 Conn. App. 176, 180–81, 522 A.2d 299 (1987). " ' "[D]iscussion of the concept [of reasonable doubt] is perhaps the most important aspect of the closing instruction to the jury in a criminal trial." ' " *State* v. *DelVecchio,* 191 Conn. 412, 420, 464 A.2d 813 (1983). The defendant's fundamental rights to due process and a fair trial are implemented by the requisites of Practice Book § 864. In this case, as in all prosecutions by the state, it is axiomatic that " '[t]he defendant was entitled to have the

jury correctly and adequately instructed.' " *State* v. *Stepney,* 191 Conn. 233, 247, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984).

In evaluating a claim of constitutional error in the supplemental charge, we would normally review the charge as a whole to determine whether the jury could reasonably have been misled. *State* v. *Williams,* supra, 41. Here, there was no supplemental charge given on reasonable doubt or self-defense. The inquiry of some members of the jury as to their confusion as to the law is manifest by the inquiry by the foreperson and makes evident the reasonable possibility that the jury was misled.

The defendant's second claim is that the court erred in its supplemental charge to the jury by failing to reinstruct the jury on self-defense when it reread its instructions on the charges against the defendant. This claim is inextricably bound to the first claim. The jury's note asking for a redefinition of reasonable doubt, in conjunction with the court's clarification of the charges against the defendant, also expressed confusion about an acquittal because of his claim of self-defense. The failure of the trial court to reinstruct the jury on the elements of self-defense implicates a fundamental constitutional right. *State* v. *Corchado,* 188 Conn. 653, 660, 453 A.2d 427 (1982).

The state asserts that the defendant did not preserve this issue on appeal because the defendant did not specify the ground of a constitutional violation in his objection at trial. It is true, of course, that claims not distinctly raised at trial will ordinarily not be reviewed by this court. Such a policy serves to ensure that the court will be alerted to potential error while there is time for corrective action. See *State* v. *Rogers,* 199

Conn. 453, 460–61, 508 A.2d 11 (1986). This rule applies equally to constitutional claims. *State* v. *Corchado,* supra, 670; but see *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973).

In this case, however, the defendant did raise an objection to the court's failure to recharge on self-defense at the time the charges were reread to the jury. The defendant stated that his objection was based on the fact that the burden is on the state to prove that the defendant was not acting in self-defense. He was not allowed to make his objection more explicit because the trial court foreclosed that possibility.[7]

The defendant presented a theory of self-defense to the jury. In its initial charge, the court did instruct the jury on self-defense but in its supplemental charge, although the jury manifested a confusion as to it, the court failed to do so.

Justification, in the form of self-defense, is a legally recognized defense. General Statutes § 53a-16.[8] The legislature has provided that the state bear the burden

---

[7] The objection to the court's failure to recharge on self-defense was as follows:

"Mr. Schipul: Your Honor did not give a recharge on the doctrine of self-defense, which of course was presented here and in all fairness it should be given to the jury at the same time that these other charges are reread to the panel, for to not do that would seem to direct the jury to ignore the doctrine of self-defense. The burden is on the state of course in a self-defense situation to prove, not just the offense.

"The Court: Listen, do you have an exception in that I failed to include a charge on self-defense when requested in view of the request of the jury on that. Is that it?

"Mr. Schipul: Yes, Your Honor.

"The Court: What's the next one?

"Mr. Schipul: Well I want to—

"The Court: There's no need to do anything more than claim that and I'm satisfied you've adequately described it. What's your next one?"

[8] "[General Statutes] § 53a-16. JUSTIFICATION AS DEFENSE. In any prosecution for an offense, justification, as defined in sections 53a-17 to 53a-23, inclusive, shall be a defense."

of proof of disproving the defense. General Statutes § 53a-12.[9] "Where the legislature has created a legally recognized defense, in this case [justification], this fundamental constitutional right [due process] includes a proper jury instruction on the elements of the defense of [justification] so that the jury may ascertain whether the state has met its burden of disproving it beyond a reasonable doubt. See *State* v. *Miller*, [186 Conn. 654, 660–61, 443 A.2d 906 (1982)]." *State* v. *Fuller*, 199 Conn. 273, 278, 506 A.2d 556 (1986). Thus, when the jury requests clarification or rereading of the charges and simultaneously evinces confusion as to the self-defense claim of the defendant, the trial court is obligated to reinstruct the jury on that defense. See *State* v. *Fuller*, supra, 277–79; *State* v. *Rosado*, 178 Conn. 704, 708, 425 A.2d 108 (1979).

The court's supplemental instructions, by omitting the self-defense charge, could reasonably have misled the jury in its consideration of the charges against the defendant. On review, " ' "the charge must be considered from the standpoint of its effect on the jury in guiding them to a proper verdict." ' " *State* v. *Fuller*, supra, 279. Reviewing the charge as a whole, in light of the jury's request for clarification with respect to self-defense, we find that it is reasonably possible that the jury was misled as to the state's burden of proving beyond a reasonable doubt that the assault was not justified. See General Statutes § 53a-12 (a); *State* v. *Corchado*, supra, 660; *State* v. *Miller*, 186 Conn. 654, 660–61, 443 A.2d 906 (1982). The state has not proven this error to be harmless beyond a reasonable doubt.

---

[9] "[General Statutes] § 53a-12. DEFENSES; BURDEN OF PROOF. (a) When a defense other than an affirmative defense, is raised at a trial, the state shall have the burden of disproving such defense beyond a reasonable doubt.

"(b) When a defense declared to be an affirmative defense is raised at a trial, the defendant shall have the burden of establishing such defense by a preponderance of the evidence."

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.