STATE OF CONNECTICUT *v.* EARL FLETCHER
(13186)

HEALEY, SHEA, CALLAHAN, GLASS and SANTANIELLO, Js.

Argued March 3—decision released April 26, 1988

PER CURIAM. In this case the Appellate Court found error in the judgment of the trial court and set aside the convictions of the defendant for manslaughter in the second degree in violation of General Statutes § 53a-56a and for carrying a pistol without a permit in violation of General Statutes § 29-35. *State* v. *Fletcher,* 10 Conn. App. 697, 525 A.2d 535 (1987). This court granted the state's petition for certification, limiting the issues to be presented on the appeal to the following question: "May the trial court, when it receives inquiries from the foreperson of the jury regarding the legal standards applicable to the facts of the case, decline to answer those questions or to clarify its instructions upon its determination that the inquiries were made for the benefit of less than the entire panel?"

The Appellate Court had held that the refusal of the trial court to respond to written questions submitted and signed by the foreperson of the jury, because the inquiry had not been made on behalf of all the jurors, was erroneous and had deprived the defendant of a fair trial in violation of his constitutional rights. Id., 701–705. The Appellate Court also concluded that the state had not demonstrated, in accordance with the standard applicable to constitutional violations, that this error was harmless beyond a reasonable doubt.[1] Id., 708–709.

[1] In considering the harmfulness of the trial court's refusal to answer the questions submitted, the Appellate Court opinion focuses specifically upon the effect of this failure on the possibility that the jury lacked sufficient understanding of the principles relating only to justification by self-defense pursuant to General Statutes § 53a-19. Three of the jury inquiries referred specifically to that defense: (1) "Would you re-define 'reasonable doubt' when you clarify the charges under which the defendant could be found guilty or acquitted by reason of self-defense?" (2) "If the defendant believes in his own mind that a threat exists to his well-being (although facts might disprove it) can it be concluded that he may have had just cause to resort to deadly force to protect himself?" (3) "I would like to know, if the defendant in his state of mind truly believed that he was in danger of physical

We agree entirely with the view of the Appellate Court that, upon a request by the jury during deliberations for additional instructions, the jury must be recalled and given "additional instructions necessary to respond properly to the request or to direct the jury's attention to a portion of the original instructions," as Practice Book § 864[2] prescribes. We also concur with its analysis that, since a jury verdict must be unanimous, "each juror, through the foreperson, must be able to apply to the trial judge for the purpose of obtaining a clarification of the applicable law." Id., 704. Accordingly, we adopt the conclusion of the Appellate Court that "[c]larification of the instructions when the jury or one of its members manifests confusion about the law is mandatory." Id., 705. It follows that our answer to the certified question of whether the trial court may decline to respond to requests for clarification of the legal principles applicable to a case when the inquiry has been made for the benefit of less than all members of the jury is "No." Although § 864 refers to a request by the "jury" for additional instructions, the use of the

_____

harm, [could he] justifiably use deadly force even though the danger might not exist?" A fourth question asked simply: "What is reasonable doubt?"

The judgment of the Appellate Court set aside the defendant's conviction not only for manslaughter in the second degree but also for carrying a pistol without a permit. The opinion, however, does not address specifically the effect of the failure to answer the questions posed upon the latter conviction. In its petition for certification, however, the state did not seek review of the determination presumably made by the Appellate Court that the failure to respond to the questions was harmful not only with respect to the manslaughter conviction but also with respect to the conviction for carrying a pistol without a permit. At no time, so far as we are aware, has the state claimed that the order for a new trial should have been limited to the manslaughter charge. Accordingly, we have no occasion to review this aspect of the Appellate Court opinion and confine our discussion to consideration of only the certified question.

[2] Practice Book § 864 provides: "If the jury, after retiring for deliberations, request additional instructions, the judicial authority, after notice to the parties, shall recall the jury to the courtroom and give additional instructions necessary to respond properly to the request or to direct the jury's attention to a portion of the original instructions."

collective form cannot be deemed to override the evident purpose of the rule to implement a defendant's right to have all members of the jury correctly and adequately instructed. *State* v. *Hines,* 187 Conn. 199, 206, 445 A.2d 314 (1982).

The judgment of the Appellate Court is affirmed.