STATE OF CONNECTICUT *v.* ANTHONY HOPKINS
(8620)

SPALLONE, LANDAU and HEIMAN, Js.

Argued March 18—decision released August 27, 1991

*David T. Grudberg,* special public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne* state's attorney, and *Robert A. Lacobelle,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of burglary in the first degree in violation of General Statutes § 53a-101 (a) (2)[1] and assault in the second degree in violation of General Statutes § 53a-60 (a) (2).[2] The

---

[1] General Statutes § 53a-101 provides in pertinent part: "BURGLARY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of burglary in the first degree when he enters or remains unlawfully in a building with intent to commit a crime therein and . . . in the course of committing the offense, he intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone."

[2] General Statutes § 53a-60 provides: "ASSAULT IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

defendant claims that (1) the trial court improperly charged the jury on accessorial liability, (2) the trial court improperly responded to a question presented by the jury concerning the defendant's liability as an accessory, and (3) the trial court's charge on accessorial liability was improper because it contained a misleading example. The judgment of the trial court is affirmed.

The jury reasonably could have found the following facts. The victim lived in a one room apartment in Bridgeport. One morning the defendant knocked on the victim's door, identified himself, and was admitted by the victim. The defendant was holding a shotgun and was accompanied by Kenneth Dennis. The defendant and the victim struggled for the gun and the defendant used the gun to choke the victim. The defendant held the victim while Dennis hit the victim about the head and stabbed him with a pair of scissors. The defendant took the victim's ring and watch and Dennis took the victim's money.

The defendant was charged in a substitute information with robbery in the first degree under General Statutes § 53a-134 (a) (4), burglary in the first degree under General Statutes § 53a-101 (a) (2), and assault in the second degree pursuant to General Statutes § 53a-60 (a) (2). The jury returned a guilty verdict on the charges of burglary in the first degree and assault in the second degree and acquitted him of robbery in the first degree.

I

The defendant first claims that the trial court improperly charged the jury on the principles of accessorial liability, thus impermissibly broadening the theory of liability beyond the allegations of the pleadings. On the basis of *State* v. *Steve,* 208 Conn. 38, 544 A.2d 1179 (1988), the defendant claims that because he was charged

in both the original and the substitute informations as a principal, he, therefore, could not be viewed as an accessory to the crime. We do not agree.

In *State* v. *Steve,* supra, 40, the state had alleged in both its substitute information and its bill of particulars that the defendant was being prosecuted as a principal. In addition, the state orally affirmed, pursuant to the defendant's request, that the defendant was the principal with regard to the charges. Id., 41–42. Only after the state had finished presenting evidence in its case-in-chief did the defendant himself testify that another person had actually committed the crime. On appeal, this court concluded, and the Supreme Court affirmed, that the trial court improperly charged the jury on accessorial liability. In reaching this conclusion, the Supreme Court determined that the court's instruction was improper because it was "not in substantial conformity with either the allegations in the bill of particulars or the evidence in the state's case-in-chief . . . ." Id., 46.

First, we note that a bill of particulars must be read in conjunction with the information that the defendant has asked to be particularized. The purpose of a bill of particulars and the information is to inform the defendant of the charge against him "with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise." *State* v. *Roque,* 190 Conn. 143, 154, 460 A.2d 26 (1983). Although the bill of particulars does not become part of the information, it does limit the state to proving that the defendant committed an offense "in substantially the manner described." Id., 154–55.

It is well established in this state that there is no such crime as " 'being an accessory.' " *State* v. *Foster,* 202 Conn. 520, 528, 522 A.2d 277 (1987). Rather, the acces-

sory statute, General Statutes § 53a-8, merely provides an alternative theory under which liability for the underlying substantive crime may be proved. *State* v. *Harris,* 198 Conn. 158, 163, 502 A.2d 880 (1985). "[A] defendant may be convicted as an accessory even though he was charged only as a principal as long as the evidence presented at trial is sufficient to establish accessorial conduct." *State* v. *Fleming,* 198 Conn. 255, 268 n.15, 502 A.2d 886, cert. denied, 465 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986). Therefore, the fact that the defendant was not formally charged as an accessory does not preclude his being convicted as such; *State* v. *Crump,* 201 Conn. 489, 493, 518 A.2d 378 (1986); and a defendant who is charged with an offense should be on notice that he may be convicted as an accessory. *State* v. *Steve,* supra, 43–44.

This case is distinguishable from *State* v. *Steve,* supra, and is governed by the laws regarding accessorial liability. In *Steve,* accessorial liability was not alleged by the state in its bill of particulars or proved in its case-in-chief. In this case, although the defendant requested a bill of particulars regarding the original information that was withdrawn without prejudice, the defendant did not submit a request for a bill of particulars after the state filed its substitute information. In addition, the defendant had information that should have alerted him to the heightened possibility that he could be convicted as an accessory. See id. The state's first witness, the victim, testified that the defendant held him while his companion hit him in the head and stabbed him with the scissors. This point was repeated and refined by defense counsel's cross-examination of the victim. After the victim testified, the court stated that it would charge the jury on the law concerning liability of an accessory. In addition, in response to the defendant's motion for discovery and inspection, the state furnished

a police officer's incident report. This document reports that the defendant was not the individual who inflicted the wounds on the victim. The trial court properly charged the jury on accessorial liability.

## II

The defendant next claims that the trial court inadequately responded to a question from the jury during its deliberations regarding the defendant's potential liability as an accessory.

The defendant first asserts that the court's response was long and unfocused. Although the defendant failed to preserve this claim in the trial court, he claims that the response implicates his "constitutional right to due process and a fair trial" and seeks review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989).

" 'We generally do not consider a claimed error regarding the giving of or failure to give an instruction "unless the matter is covered by a written request to charge or exception has been taken . . . immediately after the charge is delivered." . . .' " (Citations omitted.) *State* v. *Williams,* 202 Conn. 349, 362, 521 A.2d 150 (1987). The defendant's claim regarding the nature of the supplemental charge should have been raised at its conclusion so as to alert the court to any claims of error while there was still an opportunity for correction. *State* v. *Fullwood,* 193 Conn. 238, 259, 476 A.2d 550 (1984). Although a court's failure to respond to a jury question rises to the level of a constitutional violation; *State* v. *Fletcher,* 10 Conn. App. 697, 705, 525 A.2d 535 (1987), aff'd, 207 Conn. 191, 540 A.2d 370 (1988); the defendant's assertion that the court's supplemental charge was not responsive presents a different issue. An unpreserved claim does not warrant special consideration simply because it bears a constitutional label. *State* v. *Golding,* supra, 240.

The defendant also asserts, however, that the court failed to emphasize the element of intent required by the accessory statute. The alleged failure to charge on the element of the intent of an accessory presents an issue of constitutional magnitude and merits review. *State* v. *McCalpine,* 190 Conn. 822, 831, 463 A.2d 545 (1983).

The jury inquired: "If K.D. [Kenneth Dennis] entered the premises without permission, but if [the defendant] did have permission, would we conclude that [the defendant], by law of accessory, was a party to an entry without permission?" In response, the court explained to the jury that the phrase "would we conclude" prohibited it from simply answering "yes" or "no" because such an answer would direct the jury's decision. The court, therefore, responded by instructing the jury to consider all the facts and circumstances and to consider its previous charges, including the charge pertaining to the law concerning liability of an accessory.

In evaluating the propriety of a supplemental charge, we must examine both the main and supplemental charge as a whole. *State* v. *Williams,* 199 Conn. 30, 41, 505 A.2d 699 (1986). In appeals involving a constitutional question, this court must determine whether it is reasonably possible that the jury was misled. *State* v. *Grullon,* 212 Conn. 195, 204, 562 A.2d 481 (1989).

A review of the main and supplemental charges reveals that the court thoroughly instructed the jury on the element of intent and the law of accessory, including the requisite intent of an accessory. Viewing the charges in their entirety, we conclude that there is no reasonable possibility that the jury was misled regarding an accessory's requisite intent.

Although the defendant failed to preserve properly his third claim, that the trial court's charge on acces-

sorial liability contained a misleading example, we note that because this example was one small segment of the court's charge on accessorial liability, the defendant would not prevail based on the foregoing reasons.

The judgment is affirmed.

In this opinion the other judges concurred.