[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After trial by jury petitioner was convicted of the crime of accessory to murder in violation of General Statutes53a-54a and 53a-8 and a sentence of twenty five years was imposed.
A question has arisen as to whether or not this division has authority to reduce the sentence. Under the provision of General Statutes 51-196 the division may increase, decrease or let stand any penalty imposed as a CT Page 275 part of a judgment in any criminal case.
Petitioner here has been convicted of accessory to murder under the provisions of General Statutes 53a-54a and 53-8.
Section 53a-8, entitled criminal liability for the acts of another provides that a person who engages in the proscribed conduct shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principle offender.
In reality there is no such crime as being accessory to murder. The accessory statute, 53a-8, merely provides an alternate means by which the substantive crime of murder may be committed. State v. Harris, 198 Conn. 158, 163
(1985); State v. Hopkins, 25 Conn. App. 565, 569 (1991).
Murder is a class A felony. General Statutes53-35a provides that for the class A felony of murder a term of imprisonment of not less than twenty-five years and no more than life shall be imposed.
Petitioner received the minimum sentence of twenty five years. The only way the division's could reduce the sentence would be by suspending all or a portion of the twenty five years and ordering a period of probation or conditional discharge pursuant to General Statutes53a-28(b). General Statutes 53a-29(a) prohibits this however. This section provides that the court "may sentence a person to a period of probation upon conviction of a crime, other than a class A felony."
Since the division cannot grant probation to petitioner we cannot suspend any portion of his sentence. In this case our authority is limited to letting the sentence stand or increasing the sentence.
Accordingly, we will consider the petition withdrawn.
PURTILL, J. KLACZAK, J. NORKO, J. CT Page 276
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.