STATE OF CONNECTICUT *v.* KIRK R.[1]
(AC 21921)

Foti, Mihalakos and Bishop, Js.

[1] In accordance with the spirit of General Statutes § 54-86e, and to protect the victim's legitimate privacy interests, we will not use the defendant's full name or the names of the victims in this opinion.

Argued October 25—officially released December 31, 2002

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, *Richard F. Jacobson*, special assistant state's attorney, and *Stephen J. Sedensky III*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes (Rev. to 1997) § 53a-70 (a) (2) and two

counts of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2). The defendant was sentenced to a total effective term of twenty years incarceration, execution suspended after fifteen years, with thirty-five years of probation.[2] The trial court, relying on § 53a-70 (b), imposed ten years of the fifteen year sentence of confinement as a mandatory minimum sentence. The defendant claims that as to the conviction of sexual assault in the first degree, the court improperly (1) removed a finding of an aggravating factor required under § 53a-70 (b) from the jury, thereby committing plain error, and (2) allowed the state to proceed with an information that failed to provide him with notice that he was exposed to a ten year mandatory minimum sentence in violation of his constitutional rights under article first, § 8, of the constitution of Connecticut and the sixth amendment to the United States constitution. The defendant also claims that the court improperly instructed the jury regarding how any questions it might have during its deliberations were to be presented to the court. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The defendant sexually assaulted his stepdaughters several times between July, 1997, and September, 1998. One of the victims turned eight years old and the

[2] Specifically, the trial court sentenced the defendant to a term of twenty years incarceration, suspended after fifteen years, followed by thirty-five years of probation on the first count, which alleged violations of General Statutes (Rev. to 1997) § 53a-70 (a) (2), ten years suspended with thirty-five years of probation on the second count, which alleged risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2), twenty years suspended after fifteen years followed by thirty-five years of probation on count three, which alleged a violation of § 53a-70 (a) (2), and ten years suspended with thirty-five years probation on the fourth count, which alleged risk of injury to a child in violation of § 53-21 (2). The sentences on the first and third counts were ordered to be concurrent, and the sentences on counts two and four were ordered to be consecutive to each other and to the sentences on counts one and two.

other turned four years old during that time. Additional facts will be stated as necessary.

I

The defendant first claims that the court could not impose a mandatory minimum sentence of ten years pursuant to § 53a-70 (b)[3] without having first submitted to the jury for its determination the question of the victims' ages and that the failure to do so constituted plain error. We do not agree.

Before discussing the merits of the defendant's claim, we note our standard of review. The defendant concedes that his claim was not properly preserved at trial. The defendant does not seek review pursuant to *State v. Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[4] nor would such review be available because, as he also concedes, his claim is not one of "constitutional magnitude alleging the violation of a fundamental right";[5] id.,

[3] General Statutes (Rev. to 1997) § 53a-70 (b) provides in relevant part: "Sexual assault in the first degree is a class B felony for which . . . if the victim of the offense is under ten years of age . . . ten years of the sentence imposed may not be suspended or reduced by the court . . . ."

[4] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." *State v. Golding*, supra, 213 Conn. 239–40.

[5] General Statutes § 53-202k is a sentence enhancement provision that can increase the sentence permitted for the underlying crime beyond the statutory maximum, whereas General Statutes § 53a-70 (b) provides only for a mandatory minimum sentence. See *State v. Velasco*, supra, 253 Conn. 229–30 nn.14–15. In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the United States Supreme Court held that under the sixth amendment's notice and jury trial guarantees, and as a matter of due process, "any fact (other than prior conviction) that *increases the*

239; and therefore fails to satisfy the second prong of *Golding*.[6] Nevertheless, we agree with the defendant that we may review his claim under the plain error doctrine as set forth in *State* v. *Velasco*, 253 Conn. 210, 218–19 n.9, 751 A.2d 800 (2000);[7] see also *State* v. *Pierce*, 69 Conn. App. 516, 521–22, 794 A.2d 1123, cert. granted, 261 Conn. 914, 806 A.2d 1056 (2002).

In *Velasco*, the defendant claimed that facts supporting a violation of General Statutes § 53-202k,[8] which

*maximum penalty* for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." (Emphasis added; internal quotation marks omitted.) Id., 476. The Supreme Court recently clarified, however, that the *Apprendi* rule is inapplicable where facts that the court may find at sentencing, which are not elements of the underlying crime, are utilized to impose a mandatory minimum sentence but not to exceed the maximum sentence for the crime. See *Harris* v. *United States*, 536 U.S. 545, 557, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002). The defendant concedes that, here, the aggravating factor did not extend the punishment for the underlying felonies beyond the statutory limit for these crimes, and he therefore does not claim a violation of his due process rights by the trial court's removal of this finding from the jury.

[6] Because we conclude that even if we were to find an error such error would be harmless; see footnote 13; the defendant's claim also would fail to satisfy the fourth prong of *Golding*.

[7] The *Velasco* court noted: "[P]lain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . An important factor in determining whether to invoke the plain error doctrine is whether the claimed error result[ed] in an unreliable verdict or a miscarriage of justice. . . . Plain error review may be appropriate where consideration of the question is in the interest of public welfare or of justice between the parties. . . . Plain error review is also appropriate in matters involving statutory construction because the interpretation of [a] statute and the resolution of [the] issue does not require further fact-finding . . . . Under such circumstances, the parties are not prejudiced by our review of the underlying claim." (Citations omitted; internal quotation marks omitted.) *State* v. *Velasco*, supra, 253 Conn. 219 n.9.

[8] General Statutes § 53-202k provides: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm, as defined in section 53a-3, except an assault weapon, as defined in section 53-202a, shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall

authorizes a nonsuspendable five year addition to the sentence of one who is convicted of an underlying class A, B or C felony with a firearm, must be found by the jury rather than by the sentencing court. *State* v. *Velasco*, supra, 253 Conn. 213. Although the claim was unpreserved at trial, our Supreme Court reviewed the claim under the plain error doctrine because it determined that the claim was essentially one of statutory interpretation. Id., 219 n.9.

On the basis of its statutory analysis,[9] the *Velasco* court held that the legislature intended for the jury, not the court, to make the factual determinations required by the statute and that to do otherwise was error. The court's analysis, however, did not end with its determination of plain error. Relying on *Neder* v. *United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999), the court further reviewed whether the error nonetheless was harmless.[10] After determining under the facts of the case that the error was not harmless; *State* v. *Velasco*, supra, 253 Conn. 236; the court reversed the judg-

be in addition and consecutive to any term of imprisonment imposed for conviction of such felony."

[9] The *Velasco* opinion was released on May 16, 2000, just prior to the release of the opinion in *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which was decided on June 26, 2000. Although faced with essentially the same issue as in *Apprendi*, the *Velasco* court's holding is based on statutory construction, not constitutional analysis, as in *Apprendi*.

[10] In *Neder*, the United States Supreme Court held that if an element of a criminal offense was erroneously omitted from a jury charge, this was not a structural error requiring automatic reversal but was subject to harmless error analysis. See *State* v. *Price*, 61 Conn. App. 417, 423–25, 767 A.2d 107, cert. denied, 255 Conn. 947, 769 A.2d 64 (2001). "Under the *Neder* harmless error test, the omission of an essential element from a jury charge constitutes harmless error if a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that jury verdict would have been the same absent the error . . . ." (Internal quotation marks omitted.) Id., 424; see also *State* v. *Montgomery*, 254 Conn. 694, 737–38, 759 A.2d 995 (2000); *State* v. *Velasco*, supra, 253 Conn. 232–33.

ment, in part, directed that the sentence under § 53-202k be vacated and remanded the case for a new trial on that issue alone. Id., 249.

The defendant in the present case would have us decide, as in *Velasco*, that on the basis of statutory construction, the determination of whether a victim of sexual assault is younger than age ten is a question of fact that the court should give to the jury to determine beyond a reasonable doubt. Further, the defendant urges, on the basis of *Velasco*, that we should hold that the court committed plain error by sentencing him to serve a ten year minimum sentence wholly on the basis of the court's own determination that the victims were younger than age ten. We decline to do so.

At issue is whether the legislature intended the fact that the victims were younger than ten years of age to be treated as an element of the offense that must be found by a jury or whether the legislature intended that to be merely a sentencing factor to be decided by the court. See *Harris* v. *United States*, 536 U.S. 545, 565, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002). For the following reasons, we find the latter to be true.

"Statutory construction is a question of law and, therefore, our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . .

"Several additional tenets of statutory construction guide our interpretation of a penal statute. . . . [C]riminal statutes are not to be read more broadly than their language plainly requires and ambiguities are ordinarily

to be resolved in favor of the defendant. . . . [U]nless a contrary interpretation would frustrate an evident legislative intent, criminal statutes are governed by the fundamental principle that such statutes are strictly construed against the state." (Citations omitted; internal quotation marks omitted.) *State* v. *Velasco*, supra, 253 Conn. 219–20.

The defendant does not argue that the language of § 53a-70 is in any way unclear or ambiguous. Section 53a-70 (a) is the substantive section of the statute and provides the elements that constitute sexual assault in the first degree. Section 53a-70 (b) is the penalty portion of the statute and provides that a violation of the statute is a class B felony,[11] and includes a two year mandatory minimum sentence of imprisonment for all defendants unless the victim is less than ten years of age, in which case the mandatory minimum sentence is increased to ten years imprisonment. Nowhere in § 53a-70 does it provide for a penalty that would exceed the twenty year statutory maximum sentence set forth in General Statutes § 53a-35a; therefore, it cannot be construed as a sentence enhancement statute.

We note that the legislature added the increased mandatory minimum sentence to § 53a-70 in 1995.[12] The

---

[11] A class B felony has a maximum penalty of twenty years imprisonment. See General Statutes § 53a-35a, which provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the court as follows . . . (5) for a class B felony other than manslaughter in the first degree with a firearm under section 53a-55a, a term not less than one year nor more than twenty years . . . ."

[12] Public Acts 1995, No. 95-142, which primarily established Connecticut's sex offender registration law (Megan's Law), also amended General Statutes § 53a-70 (b) to include that ten years of the sentence imposed may not be suspended or reduced by the court if the victim is younger than ten years of age. Representative Andrew M. Norton introduced the change as an amendment to the bill in response to the highly publicized case of Emily H., a nine month old who was raped by a Hartford man on March 13, 1995. The House adopted the amendment on May 17, 1995, and the Senate did so on May 25, 1995. See 38 H.R. Proc., Pts. 7–8, 1995 Sess., pp. 2589–2698; 38 S. Proc., Pt. 10, 1995 Sess., pp. 3444–47.

statute contains no express language that suggests whether the legislature intended the jury or the sentencing court to determine whether the relevant aggravating fact existed. Additionally, our review of the legislative debate on the amendment does not reveal any " 'evident legislative intent . . . .' " *State* v. *Velasco*, supra, 253 Conn. 220. Structurally, however, the legislature added the aggravating factor to the sentencing portion of the statute, separated from the substantive elements of the crime. That suggests an implicit intent to make the age of the victim a sentencing factor.

As we have stated, § 53a-70 is unlike § 53-202k in that § 53-202k is a sentence enhancement statute whereas § 53a-70 imposes only a mandatory minimum sentence. The court's statutory analysis in *Velasco* turned on its finding of a "well established practice of submitting to the jury the ultimate fact that triggers the application of a sentence enhancement statute." Id., 226. Because, as the defendant concedes, § 53-70 is not a sentence enhancement statute, *Velasco*'s rationale cannot be applied in this case.

More applicable to the present action is the holding of the United States Supreme Court in *Harris* that specific factual findings necessary for the court to impose a sentence within the range permitted by statute, but not beyond the maximum permitted by the statute, may be found by the court at sentencing. See *Harris* v. *United States*, supra, 536 U.S. 565.[13] We have stated that "[t]here

---

[13] We note that *Harris* was decided after the defendant had submitted his brief. "Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When the judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries—and without contradicting *Apprendi* [v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)]." *Harris* v. *United States*, supra, 536 U.S. 565.

is a difference between a 'sentencing factor' and a 'sentencing enhancement.' " *State* v. *Pierce*, supra, 69 Conn. App. 527. A sentence enhancement increases the maximum statutory penalty contingent on certain factual findings that are now "element[s] of an aggravated crime" and, under *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), must be found by the jury. *Harris* v. *United States*, supra, 557. In contrast, "[i]f the facts judges consider when exercising their discretion [in sentencing] within the statutory range are not elements [of the crime], they do not become as much merely because legislatures require the judge to impose a minimum sentence when those facts are found—a sentence the judge could have imposed absent the finding. . . . These facts, though stigmatizing and punitive, have been the traditional domain of judges . . . ." (Citations omitted.) Id., 560. Thus, they are sentencing factors that a court may determine.

The *Harris* court's rationale for that distinction is that the aggravating fact in a sentence enhancement "extend[s] the power of the judge, allowing him or her to impose a punishment exceeding what was authorized by the jury," whereas a sentencing factor "restrain[s] the judge's power, limiting his or her choices within the authorized range. It is quite consistent to maintain that the former type of fact must be submitted to the jury while the latter need not be." Id., 567. We find that rationale persuasive.

It is implicit from the structure and language of § 53a-70, that the legislature intended only to limit the court's range of possible minimum sentences in those egregious sexual assault cases in which the victim is younger than the age of ten, but not to create a separate, aggravated offense. Additionally, the age of the victim is a traditional factor that a judge likely would consider in sentencing someone convicted of sexual assault or any

other violent crime. Because we conclude that a finding that the victim was younger than age ten is not an element of the crime provided for in § 53a-70 (a) for which a jury must make a factual determination, but a sentencing factor capable of determination by the sentencing court, we ultimately conclude that the court did not commit plain error in not submitting the issue to the jury.[14]

## II

The defendant next alleges a violation of his constitutional right to be informed of the nature and cause of the accusation against him under the sixth amendment to the United States constitution, and article first, § 8, of the constitution of Connecticut.[15] That claim was not

[14] Even if we were to hold that General Statutes § 53a-70 does require that the jury and not the sentencing court make the determination of whether the victim is younger than age ten, in the present case, the defendant's claim nevertheless would fail because, as in *Velasco*, we still would need to employ harmless error analysis. See *State* v. *Velasco*, supra, 253 Conn. 232–33; see also *State* v. *Davis*, 255 Conn. 782, 793–94, 772 A.2d 559 (2001); *State* v. *Montgomery*, supra, 254 Conn. 738. After our review of the record, we conclude that the fact that the victims were younger than ten was "uncontested and supported by overwhelming evidence . . . ." (Internal quotation marks omitted.) *State* v. *Price*, 61 Conn. App. 417, 424, 767 A.2d 107, cert. denied, 255 Conn. 947, 769 A.2d 64 (2001). Any error therefore would have been harmless.

[15] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

The defendant's state constitutional claim is rooted in article first, § 8, of the constitution of Connecticut, which provides in relevant part: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel . . . . No person shall be . . . deprived of . . . liberty . . . without due process of law . . . ."

We limit our analysis to the federal constitutional claim because the defendant "has proffered no argument that the rights afforded to him by the federal and the state constitutions are in any way distinguishable with respect to the substantive issue that he has raised." (Internal quotation

raised at trial. Therefore, the defendant seeks review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40.[16]

"The sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution guarantee a criminal defendant the right to be informed of the nature and cause of the charges against him with sufficient precision to enable him to meet them at trial." *State* v. *Laracuente*, 205 Conn. 515, 518, 534 A.2d 882 (1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988). "When the state's pleadings have 'informed the defendant of the charge against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and were definite enough to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense, they have performed their constitutional duty.' " *State* v. *Vincent*, 194 Conn. 198, 205, 479 A.2d 237 (1984). "The constitutional mandate is fulfilled where the state has set forth the statutory designation of the crime, leaving to the defendant the burden of moving for a bill of particulars where [he] wishes greater detail regarding the manner in which [he] committed it. . . . The defendant bears the burden of establishing why additional particulars were necessary to the proper preparation of [his] defense." (Citations omitted.) *State* v. *Nita*, 27 Conn. App. 103, 117–18, 604 A.2d 1322, cert. denied, 222 Conn. 903, 606 A.2d 1329, cert. denied, 506 U.S. 844, 113 S. Ct. 133, 121 L. Ed. 2d 86 (1992).

The state argues that our review of the merits of the defendant's claim will lead us to conclude that it fails under both the third and fourth prongs of *Golding* in

marks omitted.) *State* v. *Valentine*, 255 Conn. 61, 69 n.11, 762 A.2d 1278 (2000). Consequently, we see no reason, on the facts of this case, to analyze independently the defendant's argument as it relates to the state constitution. Id.

[16] See footnote 4.

that the defendant failed to establish that a constitutional violation clearly existed that clearly deprived him of a fair trial and also that the state has demonstrated that the error, if any, was harmless beyond a reasonable doubt. Because we agree with the state that the defendant's claim fails under the third prong of *Golding*, we need not consider prong four.

The defendant maintains that the information charging him with sexual assault in the first degree under § 53a-70 (a) (2) failed to provide him with notice that he was exposed to a ten year mandatory minimum sentence upon conviction and therefore violated his sixth amendment right to notice of "the nature and cause of accusation . . . ." U.S. Const., amend. VI. We disagree.

The amended information clearly stated that the defendant was being accused of violating § 53a-70 (a) (2). As discussed in part I, that statute is in two parts. The first part, § 53a-70 (a), describes what constitutes a violation of the statute, and the second part, § 53a-70 (b), describes the penalty, including the possibility of a mandatory minimum sentence. The information provided the defendant with the particular statute he was accused of violating in a manner sufficient for him to prepare a defense. As we held in part I, whether the victims were younger than age ten is a sentencing factor, not an element of the crime, and therefore those facts did not need to be included in the information. See *Harris* v. *United States*, supra, 536 U.S. 568.

Further, the defendant's defense at trial was to deny outright that he had assaulted the victims. The ages of the victims never were contested. The defendant, in fact, admits in his brief that as the victims' stepfather, he "may be presumed to have known that the victims were under the age of ten years at the time of the alleged assaults." He was aware, therefore, of all facts

necessary to inform him that the mandatory minimum sentence might apply. We agree with the state that notice of violation of the statute is notice of the possibility of an enhanced minimum sentence. We conclude, therefore, that the defendant's claim fails under the third prong of *Golding* because the defendant has failed to establish clearly a constitutional violation that clearly deprived him of the opportunity for a fair trial.

## III

The defendant last posits that he is entitled to a new trial on all counts because the court improperly instructed the jury that any questions for the court during deliberations should be presented in writing by the foreperson.[17] We find no merit to that claim.

"When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by

---

[17] The court instructed and directed the jury, in part, as follows: "[Y]ou do have the right to ask questions of the court once you are in deliberations. If you have any question, it has to be presented, it must be presented by way of a written note. We do not communicate orally once you are in your deliberations. If you have a question that you need to ask of the court, I would ask that you have [the] foreperson write it out regardless of which juror is posing the question. All of you, of course, individually have the right to pose questions to submit to the court. However, the court prefers to know that you have discussed it first among yourselves before the question is given to the court. If each of you are just going to sit down and write notes and send [them] out without sharing with the other jurors, then I would have no way of knowing whether you discussed it among yourselves before the note was sent out to the court, and your oath requires that you do discuss every aspect of your deliberation with each other. Of course, most often what happens is, one, the question is posed, and after you have discussed it among yourselves, you normally can resolve it yourselves. That is the preferred practice. If, however, after this kind of discussion you still can't resolve it, then you may submit the question to the court. But again, as I have requested, have the foreperson write it out. I would ask whoever is [the] foreperson not to resist writing out a question that may be asked by another juror. This would allow for some consistency and again assures me that you have discussed it among yourselves."

its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort . . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . [I]n appeals involving a constitutional question, [the standard is] whether it is reasonably possible that the jury [was] misled. . . .

"In determining whether it was . . . reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected . . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied . . . is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Internal quotation marks omitted.) *State* v. *Morales*, 71 Conn. App. 790, 820–21, 804 A.2d 902, cert. denied, 262 Conn. 902, 810 A.2d 270 (2002).

Relying solely on *State* v. *Fletcher*, 10 Conn. App. 697, 525 A.2d 535 (1987), aff'd, 207 Conn. 191, 540 A.2d 370 (1988), the defendant claims that the instruction given to the jury regarding the procedure for asking questions that might arise during deliberations "effectively prohibited an individual juror from requesting guidance on the nature and elements of the crimes charged without the prior approval of the foreperson," thus depriving the defendant of due process.

In *Fletcher*, we stated: "The duty of the trial court in [a criminal] case is to instruct the jury on the law applicable to the case." Id., 698. "The defendant is entitled to a jury which is correctly and adequately instructed." (Internal quotation marks omitted.) Id., 701. "[E]ach juror, through the foreperson, must be able

to apply to the trial judge for the purpose of obtaining a clarification of the applicable law." Id., 704.

The constitutional error we addressed in *Fletcher*, however, was the court's refusal to reinstruct, after being asked to do so by the jury, on the basis of the court's belief that the question at issue in that case was not a unanimous request by all jurors. In the present action, there was no refusal to reinstruct the jury; *Fletcher* is inapplicable here. We find nothing in the court's instruction that would impede an individual juror from posing a question to the court. The court properly sought to establish an orderly and procedurally fair system for dealing with jurors' questions. The jury, in fact, made five requests to have testimony read back and the court complied with each request.

There is no evidence that suggests that any juror's ability to ask any question was frustrated by the court's instruction or that the court denied any request of the jury. On the basis of our review of the instruction as a whole, we conclude that the court's instruction was proper and did not mislead the jury or otherwise violate the defendant's right to due process.

The judgment is affirmed.

In this opinion the other judges concurred.

