STATE OF CONNECTICUT *v.* KENNETH WOKOMA
(11979)

O'CONNELL, HEIMAN and SCHALLER, Js.

Argued November 28, 1994—decision released February 21, 1995

*Donald D. Dakers,* special public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's

attorney, and *John C. Smriga,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant was charged in a two count information with robbery in the first degree in violation of General Statutes § 53a-134 (a) (4),[1] and robbery in the second degree in violation of General Statutes § 53a-135 (a) (1).[2] The jury acquitted the defendant of the charge of robbery in the first degree but found him guilty of the count charging robbery in the second degree.

The defendant claims that the trial court improperly instructed the jury on accessorial liability. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On March 29, 1992, Vincent Muse stopped at his cousin's apartment building to repay her $20. As he waited on the front porch for her to let him in, a Hispanic male, later identified as Jose Cruz, stepped onto the porch from the first floor apartment and told Muse, "You're caught out," street parlance for "This is a robbery."

Muse and Cruz grappled until Cruz feigned having a gun, and Muse ceased struggling. When he realized that Cruz did not have a gun, Muse resumed fighting, and the two struggled into the backyard of the apartment building.

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery . . . he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

[2] General Statutes § 53a-135 (a) provides in relevant part: "A person is guilty of robbery in the second degree when he commits robbery as defined in section 53a-133 and (1) he is aided by another person actually present . . . ."

At this point, Cruz called out a name, and the defendant came out of the back door of the apartment. He approached Muse and demanded, "Where's the money?"[3] The defendant then went through Muse's pockets, taking a $20 bill. The defendant and Cruz then ran back into the apartment.

Muse ran to another apartment and called 911. The police came and knocked on the first floor apartment door, but there was no response. The landlord came and let them into the apartment, where they found the defendant and Cruz. No gun was found.

The defendant raised no objection to the trial court's main jury charges on robbery in the first degree and robbery in the second degree, neither of which included an instruction on the possibility of accessorial liability under General Statutes § 53a-8 (a).[4]

During its deliberation, the jury sent the court a message asking the following question: "If [the defendant] came out and aided Cruz in the crime, but did not know that Cruz displayed what he represented by his words and conduct to be a firearm, is [the defendant] guilty of robbery in the first degree?"

The trial court responded with a supplemental instruction that included the statement that the defendant "could be found guilty of robbery in the second degree as long as you find proven beyond a reasonable doubt that he came out and aided Cruz in the robbery as I have defined that term for you."[5]

---

[3] There was disputed evidence that the defendant was armed when he came out of the building.

[4] General Statutes § 53a-8 provides in relevant part: "CRIMINAL LIABILITY FOR ACTS OF ANOTHER. (a) A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

[5] The complete supplementary jury charge was as follows: "I can't answer that question in the exact language that you gave it to me, and I am going

The defendant did not take exception to the supplemental instruction, but now contends that the supplemental instruction was a defective accessorial liability instruction because it did not include the elements of such liability set forth in § 53a-8. The state counters that the court was not attempting to give a charge on accessorial liability under § 53a-8, rather it was attempting to clarify the applicable subsection of § 53a-135, the robbery in the second degree statute, i.e., "(a) [a] person is guilty of robbery in the second degree when he commits robbery . . . and (1) *he is aided by another person actually present* . . . ." (Emphasis added.)

That the trial court was instructing on the "aided by another person actually present" portion of the second degree robbery statute and not on the accessory statute is clear from the substance of the instruction. The accessory statute would be equally applicable to first degree or second degree robbery. The court, however, specifically negated a conviction of first degree robbery, but allowed a second degree conviction if the defendant was present and aided Cruz while possessing the requisite intent.

The defendant proffers no authority that would warrant our holding that conviction of robbery in the second degree under § 53a-135 (a) (1) requires proof

---

to put it in somewhat more legalistic terms, but I am going to deal with the specific hypothetical that you gave and not anything further.

"An instruction would read as follows: If the defendant came out and you do not find proven beyond a reasonable doubt that he displayed what he represented by his words or conduct to be a firearm, and you do not find proven beyond a reasonable doubt that he knew that Cruz had displayed what he represented to be a firearm but the defendant aided Cruz in the robbery as I have defined that term for you, the defendant could not be found guilty of robbery in the first degree but could be found guilty of robbery in the second degree as long as you find proven beyond a reasonable doubt that he came out and aided Cruz in the robbery as I have defined that term for you."

beyond a reasonable doubt of the elements of the accessory statute, § 53a-8. The usual rules of statutory construction militate against such interpretation. The robbery in the second degree statute and the accessory statute were enacted at the same time as part of the original penal code. Public Acts 1969, No. 828. "[S]tatutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment." *84 Century Ltd. Partnership* v. *Board of Tax Review,* 207 Conn. 250, 263, 541 A.2d 478 (1988). If the defendant was correct, § 53a-8, which establishes accessorial liability, would cover the entire field, and subdivision (1) of the robbery in the second degree statute would be rendered unnecessary.

The defendant also argues that the supplemental instruction would allow the defendant to be convicted even if he was merely an innocent bystander with no intent to commit robbery. This argument ignores two references to robbery "as I have defined that term for you." This is a clear reference to the robbery instruction in the main charge, which contains a complete and proper instruction on the specific intent required for robbery. We cannot isolate the supplemental charge from the main charge. They must be read together. *State* v. *Williams,* 199 Conn. 30, 41, 505 A.2d 699 (1986); *State* v. *Hopkins,* 25 Conn. App. 565, 571, 595 A.2d 911, cert. denied, 220 Conn. 921, 597 A.2d 342 (1991). Reading them together, we conclude that a person could not be considered an innocent bystander if he harbored the intent described therein.

It is not relevant that the defendant may have been the "person actually present" who aided the principal rather than being the principal who was aided by another person. It is well established that an accom-

plice may be charged as if he was the principal offender. *State* v. *Crump,* 201 Conn. 489, 495, 518 A.2d 378 (1986).

The judgment is affirmed.

In this opinion the other judges concurred.