# STATE OF CONNECTICUT *v.* MARCUS PRICE
## (AC 18853)

Lavery, C. J., and Schaller and Healey, Js.

Argued September 18, 2000—officially released January 23, 2001

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Eileen McCarthy Geel*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher A. Alexy*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, C. J. The defendant, Marcus Price, appeals from the judgment of conviction, rendered after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1),[1] carrying a weapon in a vehicle in violation of General Statutes § 29-38[2] and carrying a pistol without a permit in violation of General Statutes § 29-35 (a).[3] The trial court also found, as a matter of

---

[1] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[2] General Statutes § 29-38 provides in relevant part: "Any person who knowingly has, in any vehicle owned, operated or occupied by him, any weapon for which a proper permit has not been issued as provided in section 29-28 or section 53-206, or has not registered such weapon as required by section 53-202, as the case may be, shall be fined not more than one thousand dollars or imprisoned not more than five years or both, and the presence of any such weapon in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof. The word 'weapon', as used in this section, means any pistol or revolver . . . ."

[3] General Statutes § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same issued as provided in section 29-28. . . ."

law, that the defendant had committed a class B felony with a firearm, warranting a mandatory, nonsuspendable five year term of imprisonment pursuant to General Statutes § 53-202k.[4]

On appeal, the defendant claims that (1) the court improperly found that violation of § 53-59 (a) (1) established by operation of law a violation of § 53-202k, which subjected him to an enhanced penalty, (2) the evidence was not sufficient to convict him of carrying a weapon in a vehicle and (3) the court improperly restricted the defense counsel's cross-examination of the victim in violation of the defendant's confrontation rights. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The defendant and the victim, Carl Pollard, knew each other through mutual friends and neighborhood acquaintances. In the early morning hours of February 16, 1997, Pollard was driving alone on Sylvan Road in New Haven. Pollard stopped his car to talk to some friends who were sitting in a truck that was at the side of the road. After talking to his friends for a few minutes, Pollard saw the defendant exit a blue station wagon parked behind the truck and walk to his car. The defendant thrust a gun through the open passenger window and began to fire at Pollard. Pollard was shot four times. He suffered severe injuries, including a collapsed lung and multiple bone fractures. A security guard at a nearby nursing home heard several gunshots while he was making rounds. He went outside and saw Pollard lying on the ground next to his car, but did not observe

[1] General Statutes § 53-202k provides in relevant part: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm . . . shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony."

any other vehicles. The security guard returned to the nursing home and called the police.

Officer Robert Levy of the New Haven police department was one-quarter mile from the shooting. He and another police officer heard seven gunshots. Levy arrived on the scene less than twenty seconds after he heard the shots. He found Pollard lying on the street. Initially, Pollard told Levy that the assailant had tried to carjack him and that he did not know the assailant. After several interviews with Detective Hilden Wright of the New Haven police department and several conflicting accounts of the incident, the victim named the defendant as his assailant.

At trial, the jury rendered a verdict of guilty on all counts. Thereafter, the court found as a matter of law that the defendant had committed a class B felony and was therefore subject to a mandatory five year term of imprisonment pursuant to § 53-202 (k) in addition to the maximum twenty-year sentence permitted by General Statutes § 53a-35a (5) for violating § 53a-59 (a) (1).

I

The defendant first claims that the court improperly failed to instruct the jury regarding the elements of § 53-202k and that, as a result, the jury made no express finding as to whether the state had proven that he used a firearm in the commission of a class A, B or C felony in violation of § 53-202k. The defendant further claims that this omission violated his state and federal constitutional due process rights, and asks this court to remand the case to the trial court with direction to vacate the sentence of twenty-five years imprisonment on the count of assault in the first degree and to resentence him to a term of twenty years. Although we agree with the defendant that the jury and not the trial court must make the factual determinations required under § 53-202k, we nevertheless conclude that the court's failure

to instruct the jury regarding the elements of § 53-202k was harmless under the facts of this case. Therefore, we reject the defendant's claim that the enhanced sentence imposed under § 53-202k must be vacated.

Because the defendant concedes that his claim is unpreserved, he asks for review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[5] The first two steps in the *Golding* analysis address the reviewability of the claim, whereas the last two steps address the merits of the claim. *State* v. *Hafford*, 252 Conn. 274, 305, 746 A.2d 150, cert. denied, 531 U.S. 855, 121 S. Ct. 136, 148 L. Ed. 2d 89 (2000). With regard to the first prong of *Golding*, we conclude that the record is adequate for our review. We next turn to the second prong of *Golding*, that is, whether the defendant's claim is of constitutional magnitude and alleges the violation of a fundamental right. We conclude that it is a claim of constitutional magnitude on the basis of *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

In *Apprendi*, the United States Supreme Court held unconstitutional a sentence enhancement statute that provided for an extended term of imprisonment if the trial court found, by a preponderance of the evidence, that the defendant, in committing the underlying crime, acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity. The court held that due process and the sixth amendment

---

[5] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

rights to a jury trial require that any fact, other than the fact of a prior conviction, that increases the punishment for a crime above the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Id., 476.

In *State* v. *Montgomery*, 254 Conn. 694, 759 A.2d 995 (2000), our Supreme Court, in applying *Golding* review to the issue of whether the sentence enhancement factors of § 53-202k must be determined by the jury, implicitly held that this claim implicates a defendant's constitutional rights. The defendant in *Montgomery* was convicted of murder and felony murder. The trial court then, in considering § 53-202k, determined that the jury, by convicting the defendant, had necessarily found that he had committed a class A felony and that the felony had been committed with a firearm. The court sentenced the defendant to a term of imprisonment that exceeded the statutory maximum. On appeal, the defendant was afforded *Golding* review of his claim that the trial court improperly had failed to instruct the jury on the elements of § 53-202k. Id., 735 n.46. Our Supreme Court indicated that the jury finding that the defendant had committed murder, a class A felony, necessarily satisfied the jury finding requirement as to the felony element of § 53-202k. Id., 737. With regard to the firearm element of § 53-202k, the court concluded that any error committed was harmless because the evidence was uncontested and overwhelming that the defendant had committed the murder with a firearm. Id., 738.

In this case, the crime of assault in the first degree is a class B felony and carries a maximum term of imprisonment of twenty years. The court lengthened the defendant's sentence by five years by applying the sentence enhancement provision, i.e., because the defendant had committed a class B felony and "use[d] or [was] armed with and threaten[ed] the use of . . . [a] firearm . . . ." General Statutes § 53-202k. His total

sentence of twenty-five years, therefore, exceeds the maximum term of imprisonment for assault in the first degree.

*Apprendi* does not discuss circumstances under which a jury does not need to decide a sentence enhancing fact that increases the prescribed statutory maximum. Indeed, *Apprendi* creates a bright line rule that a jury must decide any fact, other than the fact of a prior conviction, that exposes a defendant to punishment greater than the statutory maximum. Because the enhanced punishment in this case exceeded the statutory maximum, under *Apprendi*, we conclude that the court improperly failed to instruct the jury regarding the enhanced punishment provision under § 53-202k. In addition, *State* v. *Velasco*, 253 Conn. 210, 751 A.2d 800 (2000), requires the same result. *Velasco* holds that it is improper under our statutory scheme for a court not to submit the firearm element of § 53-202k to the jury. *Velasco*, like *Apprendi*, does not suggest that a situation exists that would allow circumvention of this requirement.

Certain constitutional issues require automatic reversal to vindicate the fundamental rights in question. *State* v. *Chapman*, 229 Conn. 529, 552, 643 A.2d 1213 (1994) (*Berdon, J.*, dissenting). *Apprendi* does not answer the question of whether failure to submit to the jury a fact that is essential to the application of a sentence enhancement provision requires automatic reversal or is subject to harmless error analysis. Harmless error analysis is inappropriate "where the constitutional violation must be deemed harmful under all circumstances or where it is of such a nature that ascertainment of its harmfulness is impossible or so difficult as not to warrant the endeavor." (Internal quotation marks omitted.) Id. Constitutional errors deemed appropriate for such analysis arise from structural defects in the trial mechanism that obviously have affected the entire con-

duct of the trial from beginning to end. *Arizona* v. *Fulminante*, 499 U.S. 279, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991). "When the error undermines the structural integrity of the tribunal, no review for harmless error or prejudice to the defendant need be made. Such an error can never be harmless and automatically calls for reversal and a new trial. . . . Even when the evidence for conviction is overwhelming and a trial is otherwise fair, the taint attributable to a structural defect cannot be purged." (Citations omitted.) *State* v. *Anderson*, 55 Conn. App. 60, 72–74, 738 A.2d 1116, cert. granted on other grounds, 251 Conn. 926, 742 A.2d 363 (1999). An *Apprendi* error is not such a structural defect. See *Neder* v. *United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999) (omission of element of criminal offense from jury instruction not structural error and therefore subject to harmless error analysis); *United States* v. *Champion*, 234 F.3d 106, 110 (2d Cir. 2000) ("even if the district court erred by arrogating to itself [the fact-finding function in determining the quantity of drugs involved in the crimes charged], any such error was surely harmless").

In *Velasco* and *Montgomery*, the court applied a harmless error test to determine whether to resentence the defendants in those cases as a result of the trial courts' failure to instruct on the elements of § 53-202k. *State* v. *Velasco*, supra, 253 Conn. 232–36; *State* v. *Montgomery*, supra, 254 Conn. 735–38. The court applied the test established in *Neder* v. *United States*, supra, 527 U.S. 17. Under the *Neder* harmless error test, the omission of an essential element from a jury charge constitutes harmless error if "a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error . . . ." Id. *Neder* requires the reviewing court to conclude beyond a reasonable doubt that the element

omitted from the charge was uncontested and supported by overwhelming evidence. Id.; see *State* v. *Montgomery*, supra, 738; *State* v. *Velasco*, supra, 232–33.

Under *Neder*'s harmless error analysis, the question is whether it was "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty [of the enhancement element] absent the error . . . ." *Neder* v. *United States*, supra, 527 U.S. 18. As the state points out in its briefs, the victim, Pollard, testified that the defendant reached into the victim's car and fired four shots into his body. In addition, there was medical testimony regarding the bullet wounds that the victim sustained. The state further points out that the court charged the jury that "[a] deadly weapon means any weapon, whether loaded or unloaded, from which a shot may be discharged," and it does not appear that the defendant objected to that instruction. It appears that the evidence against the defendant was both overwhelming and uncontested. We agree with the defendant that the court should have instructed the jury on the elements of § 53-202k, but we find that the court's failure to do so constituted harmless error. Therefore, the sentence imposed under § 53-202k was not improper.

## II

The defendant next claims that there was insufficient evidence to support his conviction for carrying a weapon in a vehicle in violation of § 29-38. Although the defendant concedes that the jury found that he possessed the weapon while outside the vehicle, he contends that there was insufficient evidence to conclude that he possessed the weapon while inside his vehicle. We disagree.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two

part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State* v. *Montgomery*, supra, 254 Conn. 732. When viewing evidence that could lead to contrary inferences, the jury may make inferences consistent with guilt and is not required to make only inferences consistent with innocence. *State* v. *Sivri*, 231 Conn. 115, 132, 646 A.2d 169 (1994); *State* v. *Rogers*, 50 Conn. App. 467, 473, 718 A.2d 985, cert. denied, 247 Conn. 942, 723 A.2d 319 (1998).

In the present case, the jury, having concluded that the defendant shot Pollard, could then reasonably infer that the defendant had possessed the gun in his motor vehicle. The gravamen of the defendant's claim is that the possibility exists that the other occupant of the car could have possessed the weapon and held a valid pistol permit. This court, however, does not ask whether there is a view of the evidence that supports another reasonable hypothesis about the evidence. *State* v. *Rogers*, supra, 50 Conn. App. 473; see also *State* v. *Mejia*, 233 Conn. 215, 224, 658 A.2d 571 (1995). Rather, this court asks whether there is a reasonable view of the evidence that supports the jury's verdict. *State* v. *Rogers*, supra, 473; see also *State* v. *Sivri*, supra, 231 Conn. 134. "If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime

charged beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Lavigne*, 57 Conn. App. 463, 468–69, 749 A.2d 83 (2000).

Here, the evidence and the reasonable inferences drawn therefrom are sufficient to support the jury's finding that the defendant possessed a gun in his motor vehicle. First, according to Pollard's testimony, the defendant was sitting in the driver's seat of a vehicle that was parked less than five feet from Pollard. Streetlights and bright lights from the nursing home illuminated the street. Pollard testified that when the defendant exited the car, his hand was against his thigh and that was the hand in which the defendant held the gun. Although Pollard testified that he did not have a full frontal view of the defendant, the jury reasonably could infer that the defendant was holding the gun as he left the car.

Second, the police investigating the shooting did not discover a weapon at the crime scene. The police arrived seconds after they heard the shots, and Pollard testified that his assailant fled by car. Therefore, it is reasonable to infer that the assailant possessed the weapon in the motor vehicle when he left the crime scene. On the basis of the evidence and the reasonable inferences drawn therefrom, we conclude that there was sufficient evidence for the jury to draw a reasonable inference that the defendant knowingly possessed a weapon in a vehicle without a permit. We therefore reject the defendant's sufficiency of the evidence claim.

### III

The defendant's last claim is that the court violated his confrontation rights by restricting defense counsel's cross-examination of Pollard.

The facts relevant to this claim are as follows. At trial, the defendant sought to cross-examine the state's

key witness, the victim, Pollard, regarding certain issues. Specifically, defense counsel wanted to question Pollard regarding whether he possessed a gun at the time of the shooting. The defendant claims that this line of questioning would have gone to Pollard's motive and bias to testify falsely, and that the court abused its discretion in restricting that line of inquiry. We disagree.

"The sixth amendment to the [United States] constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. . . . The primary interest secured by confrontation is the right to cross-examination . . . and an important function of cross-examination is the exposure of a witness' motivation in testifying. . . . Cross-examination to elicit facts tending to show motive, interest, bias and prejudice is a matter of right and may not be unduly restricted. . . . However, [t]he [c]onfrontation [c]lause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. . . . Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Andrews*, 248 Conn. 1, 11–12, 726 A.2d 104 (1999). If the constitutional standard has been met, then we must nonetheless examine whether the court abused its discretion in restricting the defendant's cross-examination of the victim. *State* v. *McKnight*, 47 Conn. App. 664, 667–68, 706 A.2d 1003 (1998).

"[T]he exclusion of evidence that provides the defendant a basis for cross-examination of the state's witnesses may give rise to a claim of denial of the defendant's right to confrontation." *State* v. *DeCaro*, 252 Conn. 229, 258, 745 A.2d 800 (2000). "In determining whether a defendant's right of cross-examination has

been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial." (Internal quotation marks omitted.) *State* v. *Santiago*, 224 Conn. 324, 331, 618 A.2d 32 (1992). Here, the defendant's counsel had ample opportunity to cross-examine Pollard. The defendant's counsel elicited extensive testimony regarding Pollard's prior criminal record and his conflicting accounts of the shooting. Defense counsel also asked Pollard whether he had a gun at the time of the assault, and Pollard responded that he did not. In addition, the police who arrived within minutes of the shooting testified that they did not find a gun at the scene. The court determined that the defendant would have no basis for continuing that line of questioning if the victim said that he did not have a gun.

"In order to comport with the constitutional standards embodied in the confrontation clause, the trial court must allow a defendant to expose to the jury facts from which [the] jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." (Internal quotation marks omitted.) Id. Taking into account the complete cross-examination of Pollard, the jury was given sufficient facts from which it could determine the reliability of his testimony. Pollard's cross-examination, therefore, met the constitutional standard.

After determining that the constitutional standard has been met, the second step of our inquiry for a claim of undue restriction on cross-examination is whether the trial court abused its discretion. *State* v. *McKnight*, supra, 47 Conn. App. 668. To establish an abuse of discretion, the defendant must show that the court's restrictions clearly prejudiced him. *State* v. *Oliver*, 41 Conn. App. 139, 145, 674 A.2d 1359, cert. denied, 237

Conn. 920, 676 A.2d 1374 (1996). Here, it appears that defense counsel wanted to pursue a line of questioning regarding Pollard's possession of a gun and the possibility of whether he was the first shooter. On the basis of the fact that defense counsel presented no evidence whatsoever regarding the existence of a second gun, the court was well within its discretion to restrict defense counsel's inquiry on that subject.

Under the circumstances of this case, we conclude that the court did not infringe on the defendant's right to cross-examine Pollard. The court did not violate the defendant's right to confrontation, and the court did not abuse its discretion in precluding cross-examination regarding Pollard's possession of a gun.

The judgment is affirmed.

In this opinion the other judges concurred.