## STATE OF CONNECTICUT *v.* ELIGIO DELGADO
## (SC 16588)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued April 17—officially released September 17, 2002

*William B. Westcott*, for the appellant (defendant).

*Richard F. Jacobson*, special assistant state's attorney, with whom was *Cornelius P. Kelly*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ZARELLA, J. A jury found the defendant, Eligio Delgado, guilty of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2)[1] and risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[2] The trial court rendered judgment in accordance with the jury verdict,[3] and the defendant appealed to the Appellate Court. On appeal to the Appellate Court, the defendant claimed that the trial court improperly had denied: (1) defense counsel's request for a thirty day continuance or a mistrial; and (2) defense counsel's request for permission to access records of the victim's counseling sessions. *State* v. *Delgado*, 64

---

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[2] General Statutes § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony."

[3] The trial court sentenced the defendant to a total effective term of twelve years imprisonment, execution suspended after ten years, and ten years probation.

Conn. App. 312, 313, 780 A.2d 180 (2001). The Appellate Court affirmed the judgment of the trial court. Id., 320. Thereafter, we granted the defendant's petition for certification to appeal, limited to the issues of whether the Appellate Court properly concluded that: (1) the trial court did not abuse its discretion in denying defense counsel's request for a continuance or mistrial; and (2) the defendant was not deprived of his federal constitutional right to confrontation when the trial court denied defense counsel's request for permission to access records of the victim's counseling sessions. *State* v. *Delgado*, 258 Conn. 913, 914, 782 A.2d 1248 (2001). We affirm the judgment of the Appellate Court.

The jury reasonably could have found the following facts. The defendant was the step-grandfather of the eight year old victim.[4] The defendant repeatedly sexually assaulted the victim between August, 1997, and January, 1998, when he was engaged in a construction project in the basement of the victim's family home. Some time after the assaults had begun, the victim experienced vaginal discharge, which prompted the victim's mother to seek medical treatment for the victim. The victim's vaginal discharge persisted, however, and, in February, 1998, the victim's mother took the victim to be examined by Pedro Malave, a pediatrician. Malave performed a vaginal culture on the victim that revealed the presence of a bacterial organism known as gardnerella vaginalis. The presence of that particular organism in children typically is associated with sexual abuse. Following the visit to Malave, the victim disclosed to her mother that the defendant had sexually assaulted her. Additional facts will be set forth as necessary.

I

The defendant first claims that the Appellate Court improperly concluded that the trial court did not abuse

---

[4] Pursuant to General Statutes § 54-86e, we do not disclose the victim's name.

its discretion in denying defense counsel's request for a continuance or a mistrial[5] following the state's disclosure of certain information at trial. We disagree.

It is well settled that "[t]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion." *State* v. *Aillon*, 202 Conn. 385, 394, 521 A.2d 555 (1987). "A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." (Internal quotation marks omitted.) *State* v. *Hamilton*, 228 Conn. 234, 240, 636 A.2d 760 (1994). "Our role as an appellate court is not to substitute our judgment for that of a trial court that has chosen one of many reasonable alternatives." Id., 250. Therefore, on appeal, "we . . . must determine whether the trial court's decision denying the request for a continuance was arbitrary or unreasonabl[e]." (Internal quotation marks omitted.) *State* v. *Brown*, 242 Conn. 445, 452, 700 A.2d 1089 (1997).

The following additional facts and procedural history are relevant to the disposition of the defendant's claim. At what appeared to be the conclusion of the state's

---

[5] In view of the defendant's failure to offer any analysis or discussion in his brief regarding his claim that the Appellate Court improperly concluded that the trial court did not abuse its discretion in denying defense counsel's request for a *mistrial*, we deem the defendant to have abandoned that claim and, consequently, decline to review it. See, e.g., *Nunno* v. *Wixner*, 257 Conn. 671, 676 n.11, 778 A.2d 145 (2001); see also *State* v. *Shashaty*, 251 Conn. 768, 772 n.4, 742 A.2d 786 (1999), cert. denied, 529 U.S. 1094, 120 S. Ct. 1734, 146 L. Ed. 2d 653 (2000) ("[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly" [internal quotation marks omitted]).

Even if we assume, arguendo, that the defendant did not abandon his claim concerning the trial court's failure to grant defense counsel's request for a mistrial, it is doubtful that the defendant could prevail on his claim owing to the absence in the record of any indication that the defendant suffered "substantial and irreparable prejudice to [his] case." Practice Book § 42-43.

direct examination of the victim's mother, the state requested that the jury and the victim's mother be excused so that it could provide certain information to the court and the defendant. The state then informed the court and the defendant of the existence of a medical report prepared by Malave that contained statements from the victim's mother indicating that, in 1994, the victim had experienced dreams involving violence and sex. Upon learning of this new information, defense counsel indicated that he was at a "distinct disadvantage" and that he was unsure how to proceed properly regarding cross-examination. Defense counsel then informally requested "some kind of a postponement or a mistrial . . . ." Defense counsel did not question the propriety of the state's actions but declared that he had not had an opportunity to prepare for cross-examination on this matter and that, to prepare properly, he needed time to consult with an expert. The trial court did not act on this informal request but, rather, informed the defendant and the state that it would allow cross-examination of the victim's mother on the issue of the victim's dreams.

Thereafter, the trial court advised defense counsel that it was unclear what he was seeking through his request for a continuance. Defense counsel responded, "I'm not sure I am—other than to protect my client's interest . . . ." The trial court then stated that any information relevant to the issue of the victim's dreams could be obtained through examination of the witnesses in view of the fact that the sources of the information, namely, the victim's mother and Malave, both were available to testify. The court further indicated that defense counsel had not articulated clearly why a continuance was warranted under the circumstances. The court then stated that it would afford defense counsel an opportunity to voir dire Malave. Finally, the trial court informed the state and defense counsel that, fol-

lowing their examination of Malave, they could resume their questioning of the victim's mother on the matter of the victim's dreams, at which time the court would have "an intelligent appraisal of the situation."

The state then called Malave to testify outside the presence of the jury. In response to questions from the court, Malave testified that the victim's mother had informed him that the victim had experienced dreams involving violence and sex well before the allegations of sexual abuse that gave rise to the charges in the present case. Malave indicated that these types of dreams could have been associated with sexual abuse and, therefore, that he had recommended counseling if the dreams continued. Malave further testified that he received no additional complaints from the victim or the victim's mother regarding the victim's dreams.

After a short recess following Malave's testimony, the state informed the court and the defendant of additional information it had been given by the victim's mother regarding the victim's dreams. The state revealed that the victim's mother had taken the victim for counseling in 1994 and that, during a counseling session, the victim had stated that she was having dreams involving a man named Larry who was going to kill her family and have sex with her. Following this disclosure, the court reminded the defendant and the state that it would allow broad cross-examination on the issue of the victim's dreams. Defense counsel then made his only formal request for a thirty day continuance, which the court denied. Thereafter, defense counsel did not renew his request for a continuance.[6]

---

[6] Although the trial court denied defense counsel's request for a continuance, the court left open the possibility of defense counsel renewing his request if subsequent developments during the trial so dictated. The following colloquy between defense counsel and the trial court occurred:

"[Defense Counsel]: Your Honor, in view of the court's denial of our motion, we would move for a mistrial, so the record reflects it, and I assume the court is denying that motion also.

"The Court: I haven't denied anything. I've just said we are in the middle

On appeal to the Appellate Court, that court rejected the defendant's claim that the trial court had abused its discretion in denying defense counsel's request for a continuance, reasoning that defense counsel had sought a lengthy delay, that the trial court had offered several alternatives to a continuance and that defense counsel had failed to articulate actual prejudice. *State* v. *Delgado*, supra, 64 Conn. App. 317. We agree with the Appellate Court.

"There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Internal quotation marks omitted.) *State* v. *Hamilton*, supra, 228 Conn. 240. We have identified several factors that a trial court may consider when exercising its discretion in granting or denying a motion for continuance. See generally id. These factors include "the likely length of the delay . . . the impact of delay on the litigants, witnesses, opposing counsel and the court . . . the perceived legitimacy of the reasons proffered in support of the request . . . [and] the likelihood that the denial would substantially impair the defendant's ability to defend himself . . . ." Id.

Applying these factors to the present case, we conclude that the Appellate Court properly concluded that the trial court did not abuse its discretion in denying defense counsel's request for a continuance. First, the reasons that defense counsel proffered in support of his request for a continuance were speculative. We have held that a trial court does not act arbitrarily or unreasonably when it denies a motion for a continuance that

of a trial here, and we are proceeding with it. And you said you want a thirty day continuance. I do deny that. I have to know why, and right now it is all smoke and mirrors. We will find out maybe here through questioning. I don't know."

is supported by mere speculation. See *State* v. *Aillon,* supra, 202 Conn. 395–96.

Upon learning of the new information regarding the victim's dreams, defense counsel indicated that he needed "some kind of a postponement or a mistrial . . . ." Defense counsel contended that he was unsure how to proceed on cross-examination and that he had not been given an opportunity to consult with an expert. In response, the trial court did not deny defense counsel's request precipitously but, rather, provided him with several alternatives to a continuance, including the opportunity to cross-examine the victim's mother and to voir dire Malave. Even though the trial court afforded defense counsel an opportunity to ascertain a justification for the continuance through further examination of the witnesses, defense counsel was unable to articulate any nonspeculative basis for his request. Moreover, defense counsel was unable to demonstrate why a continuance, rather than the alternatives offered by the trial court, would allow him to utilize more effectively the information regarding the victim's dreams.

The speculative nature of the reasons advanced by defense counsel in support of his request for a continuance is further reflected in the colloquy with the trial court. In response to the trial court's statement that the court was unsure what defense counsel was seeking to accomplish in requesting a continuance, defense counsel responded, "I'm not sure I am—other than to protect my client's interest . . . ." Indeed, defense counsel was unable to offer anything more than generalized statements in support of his request. Consequently, we conclude that defense counsel did not provide "the trial court with sufficient reason to postpone the proceedings." *State* v. *Walker,* 215 Conn. 1, 10, 574 A.2d 188 (1990); see also id., 10–11 (defendant's untimely request to be afforded opportunity to photograph crime

scene and interview eyewitness led court to conclude that defendant provided insufficient reasons to justify continuance).

We also note that defense counsel failed to articulate why a continuation of thirty days was necessary. We previously have concluded that a trial court properly may consider interests of judicial economy when exercising its discretion in granting or denying a request for a continuance. *State* v. *Williams*, 200 Conn. 310, 320–21, 511 A.2d 1000 (1986). In the present case, it was reasonable for the trial court to have concluded that a thirty day continuance would have resulted in an unreasonably lengthy delay that would have imposed a significant burden on the witnesses and jurors. Accordingly, the trial court reasonably could have concluded that judicial economy would not have been served by granting a thirty day continuance, especially in light of defense counsel's speculative showing of necessity.

Finally, the defendant has failed to demonstrate that his defense was impaired by the trial court's denial of a continuance. Defense counsel claimed that a continuance was necessary to allow him time to prepare properly for cross-examination and to consult with an expert on the issue of the victim's dreams. In *State* v. *Aillon*, supra, 202 Conn. 385, we concluded that the defendant was not prejudiced by the trial court's denial of his motion for a continuance inasmuch as he had "failed to make any evidentiary showing that [an opportunity to obtain expert] testimony would have aided the defense in any manner." Id., 395. Similarly, the defendant in the present case has failed to articulate how his defense would have benefited from the granting of a continuance. The trial court afforded defense counsel ample opportunity to cross-examine Malave and the victim's mother in order to determine why his ability to utilize the information about the victim's dreams would have been impaired in the absence of a continu-

ance. Defense counsel nevertheless was unable to demonstrate why a continuance, as opposed to the alternatives offered by the trial court, would be a more effective means of accomplishing his objectives. Defense counsel was unable to show any specific harm that could have resulted from the trial court's denial of his request for a continuance. Appellate review of the reasonableness of a trial court's exercise of its discretion is limited "to a consideration of those factors, on the record, that were presented to the trial court, or of which that court was aware, at the time of its ruling on the motion for a continuance." *State* v. *Hamilton*, supra, 228 Conn. 242. There is nothing in the record to indicate that the defendant's ability to defend himself was impaired substantially by the trial court's decision to deny defense counsel's request for a continuance. Under these circumstances, we conclude that the Appellate Court properly concluded that the trial court did not abuse its discretion in denying defense counsel's request for a continuance.

## II

We next address the defendant's claim that the Appellate Court improperly concluded that the trial court did not abuse its discretion in denying defense counsel's request for permission to access records of the victim's counseling sessions. Specifically, the defendant contends that, under *State* v. *Ouellette*, 190 Conn. 84, 103, 459 A.2d 1005 (1983), he had the right to engage in broad cross-examination on the issue of the victim's dreams and that the trial court's decision to deny access to the victim's records, which contain references to the victim's dreams, resulted in a deprivation of that right. We disagree.

The following additional facts and procedural history are necessary to our resolution of the defendant's claim. In addition to requesting a thirty day continuance,

defense counsel requested that the trial court grant him "permission to subpoena the [victim's] . . . records . . . ." After conducting an in camera examination of the records, the trial court denied defense counsel's request. The trial court reasoned that the records contained no additional information about the victim's dreams beyond what already had been introduced through the testimony of the witnesses and that the information contained in the records had no bearing on the victim's credibility. On appeal, the Appellate Court conducted its own in camera examination of the records and concluded that the trial court did not abuse its discretion in denying defense counsel's request for permission to access the records. *State* v. *Delgado,* supra, 64 Conn. App. 320.

We begin our analysis by underscoring that, pursuant to General Statutes § 52-146c,[7] the victim has a conditional right of confidentiality in the records of her counseling sessions. We recently have reiterated that "[a]ccess to confidential records should be left to the discretion of the trial court which is better able to assess the probative value of such evidence as it relates to the particular case before it . . . and to weigh that value against the interest in confidentiality of the records." (Internal quotation marks omitted.) *State* v. *Slimskey,* 257 Conn. 842, 856, 779 A.2d 723 (2001). "[T]he linchpin of the determination of the defendant's access to [confidential] records is whether they sufficiently disclose material especially probative of the ability to comprehend, know and correctly relate the truth . . . so as to justify breach of their confidentiality and [disclosure]

---

[7] General Statutes § 52-146c provides in relevant part: "(b) Except as provided in subsection (c) of this section, in . . . criminal actions . . . all communications [between a person who consults a psychologist for purposes of diagnosis or treatment and the psychologist] shall be privileged and [the] psychologist shall not disclose any such communications unless the person or his authorized representative consents to waive the privilege and allow such disclosure. . . ."

in order to protect [the defendant's] right of confrontation." (Internal quotation marks omitted.) Id., 856–57. "Once the trial court has made its inspection, the court's determination of a defendant's access to the witness' records lies in the court's sound discretion, which we will not disturb unless abused." (Internal quotation marks omitted.) Id., 856.

On appeal, the appellate tribunal reviews the confidential records to determine whether the trial court abused its discretion in concluding that no information contained therein is "especially probative of the victim's ability to know and correctly relate the truth so as to justify breaching their confidentiality in disclosing them to the defendant." *State* v. *Storlazzi*, 191 Conn. 453, 460, 464 A.2d 829 (1983). We are mindful that the restriction of a defendant's access to a witness' confidential records "implicates the defendant's constitutional right to impeach and discredit state witnesses." (Internal quotation marks omitted.) *State* v. *Bruno*, 236 Conn. 514, 532, 673 A.2d 1117 (1996). Nonetheless, following our own review of the victim's records in the present case, we are unable to glean any information that would have had any bearing on the credibility of the victim's testimony. But cf. *State* v. *Slimskey*, supra, 257 Conn. 857 (trial court improperly restricted access to victim's confidential school records when "[o]ur review of the . . . records, viewed in conjunction with the entire trial transcript, convince[d] us that portions of the . . . reports [of a psychiatrist and school psychologist that were contained within the victim's school records] directly relate[d] to [the victim's] credibility and could have created a reasonable doubt of the defendant's guilt").

In so concluding, we find the defendant's reliance on *State* v. *Ouellette*, supra, 190 Conn. 84, misplaced. In *Ouellette*, we held that the trial court improperly precluded the defendant, Leo Ouellette, from cross-exam-

ining a child victim of a sexual assault as to whether she previously had accused persons other than Ouellette of similar sexual misconduct. Id., 100–101, 103–104. We reasoned that "[t]he [trial] court's ruling . . . barred [Ouellette] from cross-examining the victim *at all* on a matter of substantial relation to her credibility in [a] case [in which] credibility was crucial." (Emphasis added.) Id., 103. In contrast, the trial court in the present case did not deny the defendant an opportunity to cross-examine the victim. The court merely denied the defendant access to the victim's confidential records, which, as we previously stated, did not contain information having any bearing on the victim's credibility. Moreover, the court afforded defense counsel broad discretion in questioning witnesses regarding the victim's sexual dreams. The defendant also had the option of recalling the victim as a witness[8] to question her directly on the issue of her dreams, which he chose not to do.

"We have observed that a defendant's right [to cross-examination] is not infringed if the defendant fails to pursue a line of inquiry open to him. . . . The test is whether the opportunity to cross-examine existed, not whether full use of such opportunity was made." (Internal quotation marks omitted.) *State* v. *Bruno*, supra, 236 Conn. 533. We conclude, therefore, that the Appellate Court properly concluded that the trial court did not abuse its discretion in denying defense counsel's request for permission to access the victim's records.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[8] The state called the victim as its first witness at the defendant's trial.