STATE OF CONNECTICUT *v.* ARTHUR GAINEY
(AC 22351)

Foti, Flynn and West, Js.

Argued December 3, 2002—officially released April 8, 2003

*Norman A. Pattis*, with whom, on the brief, was *David G. Toro*, for the appellant (defendant).

*Julia K. M. Conlin*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Anne F. Mahoney*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Arthur Gainey, appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and risk of injury

to a child in violation of General Statutes § 53-21.[1] The defendant also pleaded nolo contendere to a charge, contained in a part B information, of being a persistent felony offender in violation of General Statutes § 53a-40 and was found guilty. On appeal, the defendant claims that the court improperly (1) conducted its in camera review of certain documents and redacted the documents released to the defendant too extensively, (2) allowed the state to withhold potentially exculpatory documents and (3) limited cross-examination of the victim. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In the fall of 1995, the thirteen year old victim[2] spent the night at the home of the defendant and his family. The defendant's wife was in and out of the home during the victim's stay, but the defendant remained at home. At some point during the evening, the defendant called the victim into his bedroom. After she entered the bedroom, the defendant pulled her onto his bed, touched her breasts and vagina, pulled away her underpants, pushed her legs apart and attempted to have sexual intercourse with her by partially inserting his penis into her vagina. The victim told the defendant to "stop." The defendant's wife entered the room and slapped the victim across the face. The victim then ran into the living room.

Also in the fall of 1995, after driving one of his family members to school, the defendant was supposed to take the victim, who was in the backseat of the defendant's automobile, to her home. Instead, the defendant drove to a parking lot, climbed into the backseat with the

[1] The defendant was found not guilty of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2).

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

victim, performed oral sex on her and then proceeded to masturbate.

The victim did not report these incidents of sexual assault to anyone until approximately four years later, in 1999, when she told Officer Hardy Burgin of the East Hartford police department. The defendant subsequently was interviewed by Burgin, charged and convicted of the crimes charged.

## I

The defendant first claims that the court improperly conducted its in camera review of confidential documents and that it also redacted what documents it turned over to the defendant too extensively.[3] After conducting our own thorough in camera review of these voluminous documents, which are approximately eight inches thick, we disagree with the defendant's claim.[4]

Our standard of review in determining whether a court properly conducted an in camera review of confidential records is abuse of discretion. See *State* v. *Walsh*, 52 Conn. App. 708, 722, 728 A.2d 15, cert. denied, 249 Conn. 911, 733 A.2d 233 (1999). On appeal, "[t]his court has the responsibility to conduct its own in camera review of the sealed records to determine whether the trial court abused its discretion in refusing to release those records to the defendant. . . . While we are mindful that the defendant's task to lay a foundation

---

[3] The defendant states that he is put in a difficult position because he has not been privy to the contents of the confidential documents and, therefore, cannot identify a specific document that should have been released. We note that it is proper and not a violation of the confrontation clause for a court to exclude a defendant's attorney from an in camera review. See *State* v. *Streater*, 36 Conn. App. 345, 354, 650 A.2d 632 (1994), cert. denied, 232 Conn. 908, 653 A.2d 195 (1995).

[4] We also note that many, if not most, of the confidential records turned over to the court concerned members of the victim's family rather than the victim herself. Further, none of the confidential records made any reference to the defendant or to the allegations against him.

as to the likely relevance of records to which he is not privy is not an easy one, we are also mindful of the witness' legitimate interest in maintaining, to the extent possible, the privacy of her confidential records. . . . The linchpin of the determination of the defendant's access to the records is whether they sufficiently disclose material especially probative of the ability to comprehend, know and correctly relate the truth . . . so as to justify breach of their confidentiality . . . . Whether and to what extent access to the records should be granted to protect the defendant's right of confrontation must be determined on a case by case basis. . . .

"At this stage in the proceedings, when the court has reviewed the records in camera, access to the records must be left to the discretion of the trial court which is better able to assess the probative value of such evidence as it relates to the particular case before it . . . and to weigh that value against the interest in confidentiality of the records." (Citations omitted; internal quotation marks omitted.) *State* v. *Delgado*, 64 Conn. App. 312, 319–20, 780 A.2d 180 (2001), aff'd, 261 Conn. 708, 805 A.2d 705 (2002).

After closely examining each and every one of the challenged records, along with thoroughly reviewing each of the disclosed redacted records in toto, we conclude that the court did not abuse its discretion in limiting access to the victim's confidential records or in redacting those records that it did disclose.

II

The defendant next claims that the court may have improperly allowed the state to withhold potentially exculpatory documents both from his review and from the court's in camera review. This claim involves the prosecutor's statement to the court that she did not believe that the "other documents" that she had in her

possession were "things that [the] court need[ed] to review." On the basis of our review of the record, we conclude that the defendant has not shown that the state withheld anything from the court's review. The defendant concedes that no objection was made at any time and that he did not argue that his right to due process was violated. Accordingly, the defendant requests review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

Because the record is adequate for review and the issues raised involve a fundamental right, we will review the defendant's claim under *Golding*. See *State* v. *Wegman*, 70 Conn. App. 171, 190, 798 A.2d 454, cert. denied, 261 Conn. 918, 806 A.2d 1058 (2002). The defendant, however, cannot prevail under the third prong of *Golding* because he has failed to establish that a constitutional violation clearly exists and that it clearly deprived him of a fair trial.

Before the start of testimony, the state informed the court that it recently had learned that the department of children and families had records concerning the victim and that those records were being copied for the court's review.[5] The defense counsel asked that all

---

[5] The prosecutor explained to the court that "there are some [records of the department of children and families] with regard to [the victim]. None of them, to my knowledge, involve the time frame in which the offense took place . . . there are none that are active right now that I'm aware of. There may have been some things that took place earlier in her life which may or may not be subject to other confidentiality requirements by law. And I believe that . . . all those documents are being copied by the department of children and families.

"The things that I was made aware of yesterday by the department of children and families, it's the state's position that they're not exculpatory. But I did ask them to make a copy of that, starting yesterday as soon as I found out, so that I can make that available to the court. And you can . . . make a review."

Defense counsel, shortly thereafter, made the following request: "Your Honor, I think since the state is in possession of the records and is going to be making determinations as to the exculpatory nature of them or not, I have no idea what's in those records or any idea—I have some information that [the victim] may have a mental health history. I have no information

of these records, which the state disclosed it had learned about, be ordered sealed and filed with the court. The state agreed, and the court ordered them sealed and made part of the court file. After receiving some of these reports, the state informed the court that there was nothing exculpatory within them and that some material was protected by the rape shield statute, General Statutes § 54-86f, and the psychological records privilege provided in General Statutes § 52-146e. We note that other reports are privileged under the provisions of General Statutes § 17a-28. The state also informed the court that there were no records concerning the defendant or the allegations against him. The defendant requested that the court conduct an in camera review of all records, and the court ordered the state to provide it with any remaining records for its review upon receipt.

Although the defendant correctly argues that the state informed the court that it believed that some of the documents it had in its possession did not need to be reviewed by the court, the state later informed the court that any documents still in its possession related solely to other members of the victim's family and not to the victim herself. It does appear, however, from a review of the trial transcript that the court, in fact, did review these familial records.

When discussions ensued concerning the placing of all copies of the confidential records in a box to be sealed by the court, the court asked the prosecutor if

that I could bring to the court's attention as to why that may or may not affect her ability to perceive, retain, and recollect any experience. However, since the state is reviewing those matters and since they're reviewing them for exculpatory information, I am going to ask that a copy of all those records be sealed and placed in the court file . . . in the event during the cross-examination some issues arise that . . . a further review of those records be necessary. I would like them part of the court file."

The prosecutor stated that she did not object and the court so ordered.

she had "a whole bunch of documents to add to the box." The prosecutor explained that she did have a number of records, some of which concerned the victim's family. She then stated that "[p]ages one through eleven were not provided to the court [because they concern] an incident that took place on July 12, 1996 . . . ."[6] The court then questioned the prosecutor, asking if there were documents that it had not reviewed. The prosecutor responded: "You have reviewed pages one through twelve that involve an incident where a fire was set by a sibling. It has nothing to do with [the victim]." Although we agree with the defendant's argument that the decision on whether documents are relevant should not be left solely with the prosecutor, upon reviewing the entire record, along with each document sealed by the court, we find no support for the conclusion that the state did not turn over all documents despite its belief that the court did not need to review all of them.

Our review of all of the sealed records causes us to conclude that many, if not most, of them were records concerning other members of the victim's family and not the victim herself. We therefore find no merit to the defendant's claim. We are particularly mindful that the defendant makes no claim of prosecutorial misconduct in the alleged withholding of any documents. The defendant's claim that there might have been additional documents and, therefore, the court should have ordered the state to turn them over is without merit. The defendant has failed to establish a clear constitutional violation that clearly deprived him of his right to a fair trial.

### III

The defendant's final claim is that the court improperly limited cross-examination of the victim regarding

---

[6] We note that these same pages, one through twelve, were marked and made part of the confidential sealed record and were available for our review.

statements contained in her confidential records that allegedly are relevant to her veracity or are exculpatory. The defendant argues that his right to confrontation under the due process clause was thus violated. We do not agree.

"The sixth amendment to the [United States] constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. . . . The primary interest secured by confrontation is the right to cross-examination . . . and an important function of cross-examination is the exposure of a witness' motivation in testifying. . . . Cross-examination to elicit facts tending to show motive, interest, bias and prejudice is a matter of right and may not be unduly restricted. . . . However, [t]he [c]onfrontation [c]lause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. . . . Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion. . . . If the constitutional standard has been met, then we must nonetheless examine whether the court abused its discretion in restricting the defendant's cross-examination of the victim." (Citation omitted; internal quotation marks omitted.) *State* v. *Price*, 61 Conn. App. 417, 428, 767 A.2d 107, cert. denied, 255 Conn. 947, 769 A.2d 64 (2001).

Although the defendant argues that allowing him to question the victim regarding statements contained in certain confidential documents that were disclosed to him would have elicited information that would aid the jury in assessing the credibility of the victim, we conclude that in light of the record of overall cross-examination conducted, the defendant had ample opportunity to cross-examine the victim. On cross-examination, the defendant elicited much testimony relating to the victim's credibility, such as the fact that

she did not report the sexual assaults for several years, that she did not like the defendant's wife, that she was unsure of which assault occurred first, that she once had auditory hallucinations and that Burgin wrote out her statement for her. Assessing the complete cross-examination of the victim, we conclude that the jury was given sufficient facts from which it could determine the reliability of the victim's testimony, and the cross-examination of the victim, therefore, met the constitutional standard.

Having determined that the constitutional standard was satisfied, we next determine whether the court abused its discretion in restricting the defendant's cross-examination of the victim. See *State* v. *McKnight*, 47 Conn. App. 664, 668, 706 A.2d 1003 (1998). We conclude that the defendant fails to satisfy his burden of proof on this issue.

"The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion." (Internal quotation marks omitted.) *State* v. *Wright*, 62 Conn. App. 743, 757, 774 A.2d 1015, cert. denied, 256 Conn. 919, 774 A.2d 142 (2001). "To establish an abuse of discretion, the defendant must show that the court's restrictions clearly prejudiced him." *State* v. *Price*, supra, 61 Conn. App. 429.

Here, the defendant wanted to pursue a line of questioning regarding statements contained in confidential records from the department of children and families. He argues that he was entitled to cross-examine the victim about these documents as a matter of right. The defendant does not explain how further questioning would have been helpful to his case or how the restriction on that cross-examination negatively affected his case. He fails to identify the exact questions that he would have asked the victim or even the ground on which the evidence was admissible.

In contrast, when the court limited the defendant's right to cross-examine the victim concerning statements contained in these redacted documents, it went through each and every document and specifically held that each statement was either protected by the rape shield statute, too remote in time, factually distinguishable or would tend to inject collateral issues into the case, or that there was no support in the record for the proposition that the prior statements were false. After so holding, the court also explained that there was nothing in the record to conclude that the victim had made similar allegations against anyone other than the defendant, especially in the time period involved in this case.

Under the circumstances of this case, we conclude that the court did not infringe on the defendant's right to cross-examine the victim. The court did not violate the defendant's right to confrontation, and the court properly exercised its discretion in limiting cross-examination regarding protected statements contained in the victim's confidential records.

The judgment is affirmed.

In this opinion the other judges concurred.