### STATE OF CONNECTICUT *v.* BRUCE LEFORT
### (AC 24456)

Dranginis, Flynn and Stoughton, Js.

Argued October 21, 2004—officially released January 4, 2005

*William B. Westcott*, for the appellant (defendant).

*Sarah Hanna*, special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Vernon D. Oliver*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Bruce Lefort, appeals from the judgment of conviction, rendered after a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. On appeal, the defendant claims that the trial court (1) abused its discretion when it denied his application for the pretrial alcohol education program and (2) violated his rights to due process and a fair trial when it denied the jury's request to review testimony during deliberations. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. Officer Eric Peterson, while on duty for the Plainville police department, stopped the defendant's operation of a Harley-Davidson motorcycle because of the vehicle's loud exhaust and broken taillight. Peterson asked to see the defendant's operator's license, registration and insurance card. Failing to follow that simple direction, the defendant handed over all documents except his license. Peterson again asked the defendant for his license, and the defendant then produced it. While speaking with the defendant, Peterson detected

a strong odor of alcohol on his breath. When asked if he had had anything to drink, the defendant responded that he had consumed two glasses of wine. Peterson then asked the defendant to recite portions of the alphabet and to count backward beginning at thirty-nine and ending at twenty-six. The defendant was unable to do so properly.

While performing the field sobriety tests requested by Peterson, the defendant lost his balance and failed to walk in a straight line. The defendant also failed a test requiring him to stand on one leg because he was unable to raise one foot off the ground for a designated period of time. On the basis of his observations of the defendant's responses and conduct, Peterson determined that the defendant was under the influence of intoxicating liquor or drugs, arrested him and transported him to the police station. Peterson asked the defendant to submit to a breath test. The defendant refused.

The defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a and sentenced to six months incarceration, execution suspended after a mandatory thirty days, with two years of probation. He also was fined $500.

I

The defendant first claims that the court abused its discretion when it denied his application for the pretrial alcohol education program. We disagree.

The following additional facts are necessary for our resolution of this claim. After the defendant's case had been placed on the firm jury docket and after jury selection had commenced, the defendant made an application for the pretrial alcohol education program, as provided for by General Statutes § 54-56g. Defense counsel explained to the court why he had not made an application earlier. The statute providing for the

program, § 54-56g, had been changed so that certain persons who previously had been in the program would be permitted to enter the program again. Defense counsel explained that he thought that the defendant was ineligible for the program when the defendant told him he had a "prior." When he learned that the defendant's "prior" was the program, thus making the defendant eligible for the pretrial program, defense counsel made an application the following day. After a hearing, the court denied the defendant admission into the program.

We begin by setting forth the standard of review. "Applications for participation in [the pretrial alcohol education] program may be granted or denied at the discretion of the trial court. General Statutes § 54-56g (b). Our scope of review of such a decision is, therefore, limited to whether the trial court abused its discretion." *State* v. *Arisco*, 39 Conn. App. 11, 17, 663 A.2d 442 (1995). We conclude that the court did not abuse its discretion.

In reaching its determination, the court relied on *State* v. *Arisco*, supra, 39 Conn. App. 17. In *Arisco*, this court affirmed the trial court's denial of the defendant's application to the alcohol education program where the defendant had applied for the program after a trial on the merits had been completed and when the parties were awaiting the judgment of the trial court. Id., 16. In *Arisco*, we held: "By its terms, the alcohol education program established by § 54-56g applies to a defendant whose case has not yet come to trial. Successful completion of the program results in a dismissal of the charges against a defendant without the necessity of a trial. General Statutes § 54-56g (b). The very purpose of the statute could not, therefore, be fulfilled here where the trial had already commenced." *State* v. *Arisco*, supra, 17.

Although the defendant in this case applied for the program during jury selection and the defendant in *Ari-*

*sco* applied for the program after a complete trial on the merits, this case is similar to *Arisco* in that, in both cases, trial had begun. The court reasoned, and we agree, that because some jurors already had been selected in the present case, trial had already begun. See Practice Book § 43-42 (indicating that trial commences with jury selection for purposes of speedy trial issues). It was well within the discretion of the court to deny the defendant's application on the basis of the precedent in *Arisco*. The alcohol education program is a pretrial diversionary program designed to avoid trial. We conclude, therefore, that the court did not abuse its discretion in denying the defendant's application for participation in the pretrial alcohol education program outlined in § 54-56g after jury selection had commenced.

## II

The defendant next claims that the court violated his rights to due process and a fair trial when it denied the jury's request to review certain trial testimony. Specifically, the defendant asserts that the state's case was comprised almost entirely of Peterson's testimony and that the court violated the defendant's constitutional rights when it refused the jury's request to allow a playback of Peterson's testimony regarding his initial reason for stopping the defendant's motorcycle. We do not agree.

We set forth the following additional facts. During deliberations, the jury requested that the court provide it with a copy of Peterson's testimony as to the initial reason that the defendant's motorcycle had been stopped. Because no transcript of the testimony existed, the court and counsel discussed the possibility of a playback of Peterson's testimony. In response, defense counsel stated that he thought the playback should be made. The court denied the jury's request to play back

the testimony, reasoning that Peterson's testimony was replete with questions and answers regarding the reason why he initially stopped the defendant and, thus, would necessitate the playing back of Peterson's entire testimony, which lasted several hours. Because Peterson's testimony took up almost the entire trial, the request would require the playing back of almost the entire trial testimony. Defense counsel then requested that the court explain its reasoning to the jury rather than have the marshal convey the message. The court agreed and stated that it would bring back the jury and explain why the court was denying its request to rehear Peterson's testimony. The court asked, "How's that sound?" to which defense counsel replied: "That's fine, Your Honor." The court then asked: "Anything else you can think of?" and defense counsel responded: "No, Your Honor."

"The provision for the review of testimony in Practice Book § 863 [now § 42-26] requires that the judge, upon a request for review by the jury, make a determination as to whether that request is reasonable, and if it is reasonable, to allow the review of the testimony. A determination of the reasonableness of the request for a review of testimony lies within the discretion of the trial court." *State* v. *Fletcher*, 10 Conn. App. 697, 703, 525 A.2d 535 (1987), aff'd, 207 Conn. 191, 540 A.2d 370 (1988).

In this case, we conclude that the court did not abuse its discretion when it denied the jury's request for a copy of Peterson's testimony regarding the initial reason that he stopped the defendant's motorcycle. Because written trial transcripts were not available, granting the request would have required a playback of Peterson's testimony. Peterson's testimony would have had to be played back almost in its entirety because he discussed his initial reason for stopping the defendant throughout his testimony. The trial, which lasted one day, consisted

almost entirely of Peterson's testimony. The court determined that it was not reasonable to play back Peterson's testimony because it would amount to the playing back of almost the entire trial. We conclude that the court did not abuse its discretion when it made this determination.

The judgment is affirmed.

In this opinion the other judges concurred.